IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-1989 (PLF) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

FIRST AFFIRMATIVE DEFENSE

There has been no improper withholding of agency records.

SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred for failure to exhaust administrative remedies.

FIFTH AFFIRMATIVE DEFENSE

In response to the numbered paragraphs of the Complaint, the United States Department of Justice, the Executive Office for United States Attorneys (the "EOUSA") and the Federal Bureau of Investigation (the "FBI") (collectively, "Defendants") state as follows:

1-2.   These paragraphs contain Plaintiff's characterization of this action, his legal conclusions and his prayer for relief, to which no response is required.  To the extent a response is

deemed required, deny, except to admit that this action was filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3. This paragraph contains Plaintiff's allegations of jurisdiction, to which no response is required. To the extent a response is deemed required, deny.

4. This paragraph contains Plaintiff's allegations of venue, to which no response is required. To the extent a response is deemed required, admit.

5. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph.

6. This paragraph contains Plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a response is deemed required, deny.

7-9. These paragraphs contain Plaintiff's characterizations of Defendants, to which no response is required. To the extent that a response is deemed required, admit.

10-15. These paragraphs contain conclusions of law, to which no response is required. To the extent a response is deemed required, deny.

16. The EOUSA admits that Plaintiff submitted a FOIA request by letter dated June 20, 1996 to the EOUSA. The EOUSA respectfully refers the Court to that letter (which is attached to the Complaint) for a true and accurate statement of its contents.

17-18. The EOUSA lacks sufficient information to form a belief as to the truth or falsity of the allegations in these paragraphs.

19-20. Admit.

21. Admit and aver that the EOUSA denied Plaintiff's FOIA request number 96-1662 by

letter dated December 20, 1996.[1]

22.  Admit.

23.  Deny.

24.  Admit and aver that the EOUSA denied Plaintiff's request number 96-1591 by letter dated August 12, 1997.

25.  Admit.

26.  Deny.

27.  Deny, except to admit that Plaintiff submitted a letter dated March 30, 1999 to the EOUSA regarding requests that had been numbered 96-1591 and 96-1959.

28.  Deny and aver that by letter dated June 29, 1999, the United States Department of Justice, Office of Information and Privacy, advised Plaintiff that Exemption 7(A) was no longer applicable as a basis for withholding records in request number 96-1662.

29.  Deny and aver that the letter referenced in this paragraph was date-stamped May 5, 2000.

30-33.  Admit.

34.  As to the first three sentences, admit.  The fourth sentence contains a subjective statement, not factual allegations, and thus no response is required.

35.  Admit.

36.  This paragraph contains Plaintiff's characterization of the subject of his request, to which no response is required.  To the extent a response is deemed required, deny.

---

[1]  To avoid burdening the record, Defendants are not attaching copies of documents referenced in the Complaint (or this Answer) to this Answer.  Relevant documents will be attached to Defendants' dispositive motion(s).

37-39.   The EOUSA lacks sufficient information to form a belief as to the truth or falsity of the allegations in these paragraphs.

40-41.   Deny.

42.   Admit.

43.   The FBI lacks sufficient information to form a belief as to the truth or falsity of the allegations in this paragraph.

44.   Admit.  The FBI respectfully refers the Court to the August 20, 1996 letter for a true and accurate statement of its contents.

45.   The FBI lacks sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph.  The FBI admits the allegations in the second sentence of this paragraph and respectfully refers the Court to the October 10, 1996 letter for a true and accurate statement of its contents.

46.   Deny.  The FBI respectfully refers the Court to the October 16, 1996 letter for a true and accurate statement of its contents.

47.   Admit.  The FBI respectfully refers the Court to the June 30, 1997 letter for a true and accurate statement of its contents.

48-55.   The FBI lacks sufficient information to form a belief as to the truth or falsity of the allegations in these paragraphs.

56.   Admit.

57-65.   The FBI lacks sufficient information to form a belief as to the truth or falsity of the allegations in these paragraphs.

66.   This paragraph contains conclusions of law, to which no response is required.  To the

extent a response is deemed to be required, deny.

67. Defendants incorporate by reference their responses to the preceding paragraphs.

68. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed to be required, deny.

69. The first clause of this paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed to be required, deny. As to the second clause of this paragraph (i.e., the allegation that Defendants have not produced a Vaughn index), admit.

70. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed to be required, deny.

71. Deny.

73.[2] Defendants incorporate by reference their responses to the preceding paragraphs.

74-75. These paragraphs contain conclusions of law, to which no response is required. To the extent a response is deemed to be required, deny.

76-77. Deny.

78. Defendants incorporate by reference their responses to the preceding paragraphs.

79-80. These paragraphs contain conclusions of law, to which no response is required. To the extent a response is deemed to be required, deny.

The remainder of the Complaint contains Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested or to any other relief. Except to the extent expressly admitted above, Defendants deny each and every allegation of the Complaint.

---

[2] Plaintiff neglected to include a paragraph 72 in his Complaint.

WHEREFORE, Defendants pray for an order:

(1) denying Plaintiff's requests for relief;

(2) dismissing Plaintiff's Complaint with prejudice; and

(3) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

COUNSEL FOR DEFENDANTS

Of Counsel:

Jennifer U. Toth, Esq.
Federal Bureau of Investigation

Karen Finnegan, Esq.
Executive Office for United States Attorneys