UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————————
                                                    )
WILLIAM KENNEY,                                     )
                                                    )
            Plaintiff,                              )
                                                    )
            v.                                      )        Civil Action 07-1989 (PLF)
                                                    )
UNITED STATES DEPARTMENT OF JUSTICE,                )
                                                    )
            Defendant.                              )
———————————————————————————)

**DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

In late 2007, Plaintiff William F. Kenney ("Plaintiff"), an incarcerated prisoner, brought

this action against the United States Department of Justice ("Defendant") pursuant to the

Freedom of Information Act ("FOIA") to obtain records in the possession of the Executive

Office for United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI")

relating to a 1992 criminal case that was brought against him and certain of his alleged co-

conspirators: United States v. Flynn, et al., No. 92-00018 (D.N.H.).  In 1996, Plaintiff had

submitted a FOIA/Privacy Act ("PA") request to the EOUSA, and a separate FOIA/PA request

to the FBI, for records relating to United States v. Flynn, et al.  As is demonstrated in the

attached Memorandum of Points and Authorities Submitted by the EOUSA in Support of

Defendant's Partial Motion for Summary Judgment, as well as in the declaration of Karen M.

Finnegan submitted in support thereof, the EOUSA has satisfied its obligations with respect to

the FOIA/PA request that Plaintiff submitted to it.[1]  Thus, Defendant respectfully moves this

Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment as to any and all

———————————————————————

[1] By agreement of the parties and order of this Court, on or before February 16, 2009, the
FBI is to file a separate memorandum of points and authorities in which it will explain and
justify its actions in connection with the FOIA/PA request that Plaintiff submitted to it.

claims in this action that relate to the EOUSA's response to the FOIA/PA request that was submitted to it.

Wherefore, Defendant respectfully requests that this Court enter judgment in its favor with respect to any and all claims in this FOIA case that relate to the EOUSA.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
WILLIAM KENNEY,                         )
                                        )
            Plaintiff,                  )
                                        )
            v.                          )        Civil Action 07-1989 (PLF)
                                        )
UNITED STATES DEPARTMENT OF JUSTICE,    )
                                        )
            Defendant.                  )
_____)

## <u>MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED BY THE EOUSA IN SUPPORT OF DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT</u>

In late 2007, Plaintiff William F. Kenney ("Plaintiff"), an incarcerated prisoner, brought this action against the United States Department of Justice ("DOJ" or "Defendant") pursuant to the Freedom of Information Act ("FOIA") to obtain records in the possession of the Executive Office for United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI") relating to a 1992 criminal case that was brought against him and certain of his alleged co-conspirators:  <u>United States v. Flynn, et al.</u>, No. 92-00018 (D.N.H.).  In 1996, Plaintiff had submitted a FOIA/Privacy Act ("PA") request to the EOUSA, and a separate FOIA/PA request to the FBI, for records relating to <u>United States v. Flynn, et al.</u>

In response to Plaintiff's FOIA/PA request, the EOUSA conducted a search for responsive records and located the master criminal case file for <u>United States v. Flynn, et al.</u>  The EOUSA determined that that file contained thousands of pages of potentially responsive records, some of which were publicly-available and many of which were not.  Initially, the EOUSA informed Plaintiff that it would not release any of the potentially responsive non-public records to him because, <u>inter alia</u>, release of such records could reasonably be expected to interfere with

law enforcement proceedings. However, by mid-1999, circumstances had changed and the EOUSA informed Plaintiff that it was going to further process his FOIA/PA request as it pertained both to public records and to non-public records. Thereafter, from May 2000 to March 2004, there was much correspondence between Plaintiff and the EOUSA addressing, among other things, the scope of Plaintiff's FOIA/PA request and the types of records that Plaintiff wished to receive from the EOUSA. As a result of that correspondence, by letter dated March 29, 2004, the EOUSA informed Plaintiff that "the scope of [his FOIA/PA] request ha[d] become ambiguous to [it]." Thus, the EOUSA asked Plaintiff to clarify which types of records he still wished to receive. After several additional rounds of correspondence between the parties, in a letter dated June 23, 2004, Plaintiff stated that he wished to receive all "investigative records" relating both to himself (and/or four third parties) and to United States v. Flynn, et al. (the "investigative records"). The EOUSA conducted a diligent search for the investigative records and referred all responsive investigative records that it located to the FBI—the agency with which they originated—for processing and a direct response to Plaintiff.

In light of the above and as demonstrated in more detail below, the EOUSA has fully satisfied its obligations with respect to Plaintiff's FOIA/PA request. The EOUSA conducted an adequate search for records in response to Plaintiff's initial, 1996 FOIA/PA request. The EOUSA also conducted an adequate search for records in response to Plaintiff's June 2004 correspondence in which he clarified that he ultimately wished to receive the above-mentioned investigative records. The EOUSA located approximately 6,000 pages of responsive investigative records and referred those pages (without any redactions or exclusions) to the agency with which they originated, the FBI, for processing and a direct response to Plaintiff. Thus, there is nothing more for the EOUSA to do with respect to Plaintiff's FOIA/PA request.

The FBI is currently re-processing the approximately 6,000 pages of investigative records that were referred to it by the EOUSA, as well as the records that it had located in its own files and identified as responsive to the separate FOIA/PA request that Plaintiff had submitted to it.[2] By agreement of the parties and order of this Court, the FBI is to finish its re-processing of those records by November 28, 2008.  Thereafter, by February 16, 2009, the FBI will file a separate memorandum of law in which it will explain and justify its:  (1) search for records in response to the FOIA/PA request that was submitted to it; and (2) withholdings with respect to both the records it located in its own files and the investigative records that were referred to it by the EOUSA.  If the FBI's search and withholdings (and the EOUSA's search and referral) are deemed appropriate, then this case will be over—the DOJ will be entitled to judgment as a matter of law.

Because the ultimate outcome of this case is dependent upon the appropriateness of the actions of both the EOUSA and the FBI in connection with Plaintiff's FOIA/PA requests, this Court cannot fully resolve this case at this juncture.  However, what this Court can (and what Defendant believes it should) do at this time is rule that the EOUSA has fully satisfied its obligations with respect to the FOIA/PA request that Plaintiff submitted to it, and thus grant Defendant summary judgment with respect to any and all claims in this FOIA case that relate to the EOUSA.

## **BACKGROUND**

In 1992, Plaintiff and two of his alleged co-conspirators, Charles J. Flynn and Gary P. Neal, were convicted of multiple felony counts—including conspiracy to commit bank robbery, armed and unarmed robbery and firearms and Hobbs Act violations—following a 31-day jury

---

[2] For an explanation as to why the FBI is re-processing the FOIA/PA request that Plaintiff submitted to it, see entry number eight on the electronic docket of this case.

trial.[3]  See United States v. Flynn, et al., 36 F.3d 1190, 1193-95 (1st Cir. 1994); Kenney v.

United States, No. 97-603-B, 2002 WL 1012925, at *1 (D.N.H. May 15, 2002); Kenney v.

United States, No. 97-603-B, 2000 WL 1513707, at *1 (D.N.H. Sept. 7, 2000).  (See also

Finnegan Decl. ¶54.)[4]  In March 1993, Plaintiff was sentenced to a prison term of 502 months,

which he is currently serving.  (Id. at ¶54 n.5.)  Plaintiff was tried, convicted and sentenced in the

United States District Court for the District of New Hampshire.  (Id. at ¶54.)  The unlawful

activities that led to Plaintiff's 1992 criminal trial and conviction took place in New Hampshire.

See Flynn, et al., 36 F.3d at 1193.

By letter dated June 20, 1996, Plaintiff submitted a FOIA/PA request to the EOUSA

seeking 17 categories of records relating to the 1992 criminal case that was brought against him

and his alleged co-conspirators, United States v. Flynn, et al.  (See Finnegan Decl. Ex. A.)  In the

June 20, 1996 letter, Plaintiff requested that the EOUSA waive all fees associated with his

FOIA/PA request.  (See id.)  Plaintiff, however, withdrew his fee waiver request after the

EOUSA informed him that he did not qualify for such a waiver.[5]  (See id. at Exs. B, C.)

In response to Plaintiff's FOIA/PA request, the EOUSA had the United States Attorney's

Office for the District of New Hampshire ("USAO DNH") conduct a search for responsive

records.  (See id. at ¶45.)  The USAO DNH searched the Legal Information Office Network

System ("LIONS"), a computer case tracking system, for records responsive to Plaintiff's request

---

[3] A number of Plaintiff's other alleged co-conspirators pleaded guilty to the charges that were brought against them and/or cooperated to varying extents with the government during the prosecution of Plaintiff and Messrs. Flynn and Neal.  See United States v. Flynn, et al., 36 F.3d 1190, 1195 (1st Cir. 1994).

[4] Citations in the form "(Finnegan Decl. ___)" refer to the Declaration of Karen M. Finnegan, which is dated July 31, 2008, and which is being submitted herewith.

[5] By letter dated August 18, 1996, the EOUSA informed Plaintiff that it was denying his request for a fee waiver.  (See Finnegan Decl. Ex. B.)  In a written response to that letter, Plaintiff stated:  "I do not appeal your denial [of my request for a fee waiver]."  (Id. at Ex. C.)

using his name, "William F. Kenney," as the search term.[6]  (Id.)  To ensure that all records
responsive to Plaintiff's FOIA/PA request were located, the USAO DNH also searched its paper
(i.e., non-computerized) indices of criminal and civil cases, as well as the Federal Records
Center's paper indices of criminal and civil cases.  (See id.)  Finally, the USAO DNH had its
staff search their own personal files for responsive records.  (See id.)  The above searches
uncovered the master criminal case file associated with the 1992 criminal case that was brought
against Plaintiff and his alleged co-conspirators, Untied States v. Flynn, et al.  (See id.)  The file
for United States v. Flynn, et al. consists of approximately 27 boxes of material.  (Id.)  Those 27
boxes contain records that relate not only to Plaintiff, but also to Mr. Flynn, Mr. Neal and other
of Plaintiff's alleged co-conspirators.  (See id.)

        Following the above searches, by letters dated December 20, 1996 and August 12, 1997,
the EOUSA informed Plaintiff that it was denying his June 20, 1996 FOIA/PA request to the
extent it sought non-public records relating to United States v. Flynn, et al. on the ground that
such records were subject to withholding pursuant to (among other FOIA/PA exemptions) FOIA
exemption (b)(7)(A) and PA exemption (j)(2).[7]  (See id. at Exs. D, G, K Ex. 1 & ¶¶11, 14.)  In
the December 20, 1996 and August 12, 1997 letters, the EOUSA also informed Plaintiff that it
possessed "public records" responsive to his FOIA/PA request, and that those records could "be

_____

        [6] LIONS can be searched using, among other things, a party's name.  (See Finnegan
Decl. ¶45.)
        [7] Internally, the EOUSA treated Plaintiff's June 20, 1996 FOIA/PA request as three
separate requests (to which it assigned three separate request numbers)—one request for all
records relating both to himself and to United States v. Flynn, et al. (request no. 96-1591);
another for some of the specific records relating to United States v. Flynn, et al. that he had
referenced in his June 20, 1996 request (request no. 96-1662); and another for the remaining
specific records relating to United States v. Flynn, et al. that he had referenced in his June 20,
1996 request (request no. 1959).  (See Finnegan Decl. ¶8; see id. at Exs. D, G, K Ex. 1.)
Because the EOUSA initially treated Plaintiff's June 20, 1996 FOIA/PA request as three separate
requests, it responded to the June 20, 1996 request via three separate letters.  (See id. at Exs. D,
G. K Ex. 1.)

obtained from the Clerk of the Court or from [the EOUSA], upon specific request, subject to copying fees." (Id. at Ex. G; see id. at Exs. D, K Ex. 1.) Thereafter, Plaintiff administratively appealed the EOUSA's refusal to produce to him the non-public records responsive to his FOIA/PA request to the Office of Information and Privacy (the "OIP"). (See, e.g., id. at Exs. E, H.) In addition, by letter dated March 30, 1999, Plaintiff requested that the EOUSA provide him with all of the "public records" responsive to his FOIA/PA request.[8] (See id. at Ex. J; see also id. at Ex. K.)

With respect to Plaintiff's administrative appeal of the EOUSA's refusal to produce to him the non-public records responsive to his June 20, 1996 FOIA/PA request, by letter dated June 29, 1999, the OIP informed Plaintiff that "circumstances have changed," and that FOIA exemption (b)(7)(A) "is no longer applicable to withhold . . . in their entireties" the non-public records responsive to his FOIA/PA request. (Id. at Ex. L.) The OIP further informed Plaintiff that "in light of the[] changed circumstances, the EOUSA [would] further process the records that [he had] requested." (Id.)

Thereafter, the EOUSA did in fact further process Plaintiff's June 20, 1996 FOIA/PA request. (See id. at Ex. N.) By letter dated May 5, 2000, the EOUSA informed Plaintiff that it had "located nine boxes of 'non-public' records which contain material that may be responsive to [his] request," and that it had "located approximately 11,900 pages of public, court-filed documents" responsive to his request.[9] (Id.) The EOUSA further informed Plaintiff that he

---

[8] Plaintiff had initially asked the EOUSA to provide him with an index of the "public records" responsive to his June 20, 1996 FOIA/PA request so that he could identify which of those records he wished to receive. (See Finnegan Decl. Ex. E.) However, by March 1999, Plaintiff had asked that all such records be produced to him. (See id. at Ex. J.)

[9] By May 2000, the EOUSA was treating Plaintiff's June 20, 1996 FOIA/PA request as a single request (to which it had assigned a single request number, 99-985) for all records relating both to himself and to United States v. Flynn, et al. (See Finnegan Decl. ¶21.)

would have to submit an advance payment of $1,190 before it would produce to him the 11,900 pages of public records. (See id.) The $1,190 would cover the costs associated with producing the 11,900 pages of public records. (See id.)

Plaintiff responded to the EOUSA's May 5, 2000 letter by letter dated May 12, 2000. (Id. at Ex. O.) In his May 12, 2000 letter, Plaintiff stated that he would "shortly" be submitting to the EOUSA "numerous" Privacy Act waivers ("PA waivers") that he had allegedly obtained from third parties whom he believed would be "mentioned" in the non-public records that the EOUSA had located in response to his FOIA/PA request and had referenced in its May 5, 2000 letter. (See id.) Plaintiff wanted the EOUSA to apply those PA waivers when it processed the non-public records. (See id.) Plaintiff also stated in his May 12, 2000 letter that he wished to "narrow" his FOIA/PA request as it pertained to "public, court-filed, documents"; specifically, he wanted the EOUSA to "exclude" from the public records that it had located in response to his FOIA/PA request "all trial and hearing transcripts." (Id.) Plaintiff concluded his letter by asking the EOUSA to "provide [him] with a new estimate [of what he would have to pay to receive] the remaining [public] records." (Id.) Following his receipt of that "new estimate," Plaintiff stated that he would "give [the EOUSA] an indication of whether" he still wanted to receive any of the public records.[10] (Id.)

By letters dated June 7, 2000, September 17, 2000 and February 16, 2001, Plaintiff submitted to the EOUSA PA waivers purportedly executed by 15 third parties whose records he wished to obtain in connection with his June 20, 1996 FOIA/PA request.[11] (See id. at Exs. P, Q,

---

[10] By letters dated October 9, 2002 and October 15, 2002, Plaintiff further reformulated the scope of his FOIA/PA request. (See Finnegan Decl. Ex. V.)

[11] The third parties for whom Plaintiff submitted PA waivers are: (1) Richard J. Ferguson; (2) Brian J. Raineri; (3) Tanya M. Ferguson; (4) Patricia M. Ferguson; (5) Gary P. Neal; (6) Gerard P. O'Keefe, Jr.; (7) Gaetano Cavallaro; (8) Linda/Lynda E. DeCarlo;

R.)  Among the third parties who had purportedly executed PA waivers for Plaintiff was

Richard J. Ferguson.  (See id. at Ex. P.)  Notably, Mr. Ferguson had allegedly conspired with

Plaintiff to commit the crimes for which Plaintiff was ultimately convicted and had testified

against him during his trial.[12]  See Flynn, et al., 36 F.3d at 1195; see also Kenney, 2000 WL

1513707, at *1 (identifying Mr. Ferguson as "one of the government's principle witnesses").

Between June 7, 2000 and March 29, 2004, Plaintiff also submitted death certificates for

additional third parties whose records he wished to obtain in connection with his FOIA/PA

request.[13]  (See Finnegan Decl. Exs. P, W, AA.)  In submitting the PA waivers and death

certificates, Plaintiff was not seeking to have the EOUSA conduct new searches of its records for

documents relating to the individuals identified therein; rather, he simply wanted the EOUSA to

not redact or withhold from the non-public records it had already located in response to his

June 20, 1996 FOIA/PA request information pertaining to those individuals for reasons of

personal privacy.  (See id. at Ex. O; see also Compl. ¶36 ("Kenney is not requesting a wide

ranging search for documents about the[] individuals [for whom he submitted PA waivers or

death certificates], but rather that the (b)(6) and (b)(7)(C) exemptions not be applied for these

individuals in records relating to the case U.S. v. Charles 'Chucky' Flynn, et al.").)

---

(9) Stanley Yassen; (10) Geraldine D. Yassen; (11) Bruce T Raineri; (12) Ronald P. Fitzgerald;
(13) Charles J. Flynn; (14) Bernard Grossberg; and (15) Glenn R. Kervian.  (Finnegan Decl. Exs.
P, Q, R.)  Moreover, it appears that, at some point prior to March 29, 2004, Plaintiff submitted an
additional PA waiver for James J. Hu[f]nagle.  (See id. at Ex. AA.)

[12] Plaintiff submitted PA waivers purportedly executed by additional third parties who
had testified against him at trial, including Tanya M. Ferguson, Brian J. Raineri and Bruce T.
Raineri.  See Flynn, et al., 36 F.3d at 1195; Kenney, 2002 WL 1012925, at *5.  (See also
Finnegan Decl. Ex. P.)

[13] The third parties for whom Plaintiff submitted death certificates are:  (1) Robert F.
Ferguson; (2) Charles G. Petralia; (3) William F. Kenney, Sr.; and (4) Charles J. Flynn.
(Finnegan Decl. Exs. P, W, AA.)  Between June 7, 2000 (the date that Plaintiff submitted a PA
waiver for Mr. Flynn) and March 29, 2004, Mr. Flynn died.  (See id. at Ex. AA.)

By letter dated February 10, 2004, the EOUSA informed Plaintiff that it was rejecting the PA waiver that he had submitted for Richard J. Ferguson because it had learned from "[l]aw enforcement sources" that the waiver "is not valid." (Finnegan Decl. Ex. Z.) Specifically the Criminal Division of the DOJ had informed the EOUSA that Mr. Ferguson had told a Criminal Division representative that he had never authorized Plaintiff to receive his records. (Id. at ¶58.) In the February 10, 2004 letter, the EOUSA also informed Plaintiff that it was rejecting the PA waivers that he had submitted for four other third parties (Linda/Lynda E. DeCarlo, Brian J. Raineri, Gary P. Neal and Gaetano Cavallaro) because: (1) it had not been able to confirm their validity; and (2) he had previously "submi[tted] . . . an invalid waiver" for Mr. Ferguson. (Id. at Ex. Z.) In an attempt to confirm the validity of the PA waivers, the EOUSA sent a letter to each third party for whom a PA waiver had been submitted inquiring whether the third party had authorized Plaintiff to receive his or her records. (See id. at ¶59.) The EOUSA sent the letters to the addresses listed on each of the PA waivers. (Id.) The EOUSA did not receive a response to its letters from the four third parties identified above. (Id.)[14]

By letter dated March 29, 2004, the EOUSA informed Plaintiff that it was rejecting the remaining PA waivers that he had submitted (the "remaining PA waivers"). (See id. at Ex. AA.) Prior to rejecting the remaining PA waivers, the EOUSA had received written responses to the letters it had sent to the third parties who had purportedly executed those waivers indicating that they had consented to the release of information pertaining to themselves to Plaintiff. (See id. at ¶60.) However, despite those written responses, the EOUSA had reason to question whether the remaining PA waivers were voluntarily given:

---

[14] By letter dated April 5, 2004, Plaintiff appealed the EOUSA's rejection of the above-mentioned PA waivers to the OIP. (Finnegan Decl. Ex. BB.) The OIP ultimately affirmed the EOUSA's refusal to honor those PA waivers. (See id. at Ex. HH.)

- <u>First</u>, the EOUSA had learned (from correspondence with the Criminal Division) that one of the third parties who had acknowledged signing the PA waiver that had been submitted on his/her behalf appeared to have been misled with respect to the waiver's purpose and/or effect and had requested that his/her waiver be withdrawn. (<u>Id.</u>)

- <u>Second</u>, the EOUSA had learned that another third party who had acknowledged signing the PA waiver that had been submitted on his/her behalf was suffering from a neurological illness that severely limited his/her cognitive abilities. (<u>Id.</u>) The third party was suffering from said neurological illness at least as of 1992—prior to the time when he/she allegedly signed the PA waiver, and prior to the time when he/she acknowledged having signed the PA waiver. (<u>Id.</u> at ¶60 n.6.)

- <u>Third</u>, the EOUSA had been informed by an Assistant United States Attorney from the USAO DNH that, at least as of 1996 (four years after Plaintiff's trial), persons who had cooperated with the government during Plaintiff's trial remained fearful of Plaintiff and his alleged co-conspirators and gravely concerned for their own safety. (<u>Id.</u> at ¶60.) The fact that some of the third parties who had acknowledged signing PA waivers for Plaintiff had cooperated with the government during Plaintiff's trial led the EOUSA to question the voluntariness of their waivers. (<u>Id.</u> at ¶60 n.7.)

- <u>Finally</u>, the mere fact that Plaintiff had apparently been willing to submit an invalid PA waiver for one of the third parties (Richard J. Ferguson), when coupled with the above information, gave the EOUSA further reason to question the voluntariness of the remaining waivers. (<u>See id.</u> at ¶60.)

In light of all of the above, the EOUSA determined that there was significant uncertainty surrounding the voluntariness of the remaining PA waivers that Plaintiff had submitted. (<u>See id.</u> at ¶61.) Consequently, it "err[ed] on the side of caution" and rejected each of those waivers.[15] (<u>Id.</u>)

---

[15] In rejecting the remaining PA waivers, the EOUSA expressly informed Plaintiff that it was doing so "because of [his] prior submission of an invalid waiver" for Mr. Ferguson. (<u>See</u> Finnegan Ex. AA.) Yet, at the time it rejected the remaining PA waivers, the EOUSA was aware of the additional information set forth above. (<u>See id.</u> at ¶¶60, 61.)

It is not entirely clear whether Plaintiff administratively appealed (or intended to administratively appeal) the rejection of the remaining PA waivers. However, Plaintiff's letter to the OIP dated April 5, 2004 (<u>see</u> <u>supra</u> n.14) can be interpreted as an attempt to appeal the EOUSA's decision to reject the remaining PA waivers. (<u>See</u> Finnegan Decl. Ex. B.) Thus, for purposes of the instant motion, Defendant will assume that Plaintiff administratively appealed the rejection of those waivers.

In the March 29, 2004 letter, the EOUSA also informed Plaintiff that it would honor his June 20, 1996 FOIA/PA request to the extent the request sought information relating to himself and the third parties for whom he had submitted certificates of death:  (1) Robert F. Ferguson; (2) Charles G. Petralia; (3) William F. Kenney, Sr.; and (4) Charles J. Flynn.  (See id. at Ex. AA.)  However, the EOUSA stated that "the scope of [Plaintiff's FOIA/PA] request ha[d] become ambiguous to [it]" because "during the past two years," he had sent it "numerous letters . . . altering . . . and/or narrowing [the request]."  (Id.)  Thus, the EOUSA asked Plaintiff to send it a letter within 30 days "clarif[ying] . . . the type[s] of records" "(for example, public records, investigative records, etc.)" that he still wished to obtain through his FOIA/PA request.  (Id.)

By letter dated April 20, 2004 (which Plaintiff submitted in response to the EOUSA's March 29, 2004 letter requesting that he clarify the scope of his June 20, 1996 FOIA/PA request), Plaintiff informed the EOUSA that he was "now . . . requesting all investigative records and information on myself and the deceased individuals."  (Id. at Ex. CC (emphasis in original).)  Plaintiff also asked the EOUSA to separately "estimate . . . the cost of [producing] all publicly filed records [on himself and the deceased individuals]."[16]  (Id. (emphasis in original).)

By letter dated June 8, 2004, the EOUSA informed Plaintiff that it had conducted a new search of its records in response to his April 20, 2004 letter and that it had located "about 3 boxes of responsive investigative records" and "about 120 pages of [responsive] publicly filed records."[17]  (Id. at Ex. DD.)  The EOUSA further informed Plaintiff that the investigative records

---

[16] In the April 20, 2004 letter, Plaintiff also asked the EOUSA to separately search the files of the United States Attorney's Office for the District of Massachusetts and the USAO DNH for records relating to one of the deceased third parties, William F. Kenney, Sr.  (See Finnegan Decl. Ex. CC.)  The EOUSA did so and located no responsive records.  (See id. at Ex. EE.)

[17] Prior to June 8, 2004, the USAO DNH had shipped to the EOUSA 11 boxes of records from the master criminal case file for United States v. Flynn, et al.  (Finnegan Decl. ¶46.)  Those

"would have to be referred to the FBI for . . . processing."  (Id.)  Finally, the EOUSA informed

Plaintiff that:  (1) it had forwarded his April 20, 2004 letter to the USAO DNH; (2) the USAO

DNH "would have to search through . . . 27 boxes . . . to find responsive publicly filed records";

(3) the cost of that search would be about $1,288; and (4) in addition to being required to pay for

the cost of the search, he would be required to pay a 10-cent duplication fee for each page

ultimately released to him.  (Id.)

    The documents contained within the "about 3 boxes of responsive investigative records"

referenced above were located within the master criminal case file for United States v. Flynn, et

al.  (See id. at ¶46.)  As stated above, the master criminal case file is comprised of 27 boxes.  (Id.

at ¶46.)  Scattered throughout many of those 27 boxes are "investigative records."  (Id.)  Some of

those investigative records relate to Plaintiff, some relate both to Plaintiff and to certain of his

alleged co-conspirators and some relate solely to Plaintiff's alleged co-conspirators.  (Id.)  Prior

to June 8, 2004, the USAO DNH had conducted a search of the master criminal case file for all

investigative records located therein and had sent the EOUSA 11 boxes containing, inter alia,

each such record.  (Id.)  The EOUSA then searched the 11 boxes for investigative records

pertaining to Plaintiff and/or the four deceased third parties.  (Id.)  The "about 3 boxes of

responsive investigative records" that the EOUSA had referenced in its June 8, 2004 letter

contained the fruits of that search.  (See id. at ¶¶46, 51 & n.3.)

    Plaintiff responded to the EOUSA's June 8, 2004 letter by letter dated June 23, 2004.

(See id. at Ex. FF.)  Plaintiff informed the EOUSA that he was "[a]t this time . . . declin[ing] to

[further] pursue [production of] the publicly filed . . . records," but that he did "want to pursue

---

11 boxes included, inter alia, all investigative records contained in the master criminal case file.
(Id.)  It was within those 11 boxes that the EOUSA located the "about 3 boxes of responsive
investigative records" and "about 120 pages of [responsive] publicly filed records."  (See id.)

[production of] the investigative records."[18]  (Id.)  In response to Plaintiff's June 23, 2004 letter, by letter dated August 9, 2004, the EOUSA stated that it had "gathered all investigative records [pertaining to Plaintiff and/or the four deceased third parties] and referred them to the FBI for review and processing."  (Id. at Ex. GG.)  The August 9, 2004 letter further stated that "[t]his is the final action [the EOUSA] will take concerning [Plaintiff's FOIA/PA request" and that Plaintiff "may appeal [the EOUSA's action] by writing [to the OIP] within sixty (60) days from the date of th[e] letter."  (Id.)  The EOUSA does not have any record of Plaintiff having filed an appeal in response to the August 9, 2004 letter.  (Id. at ¶52.)

The EOUSA has referred to the FBI all investigative records that relate in any way to Plaintiff (and/or the four deceased third parties) and to United States v. Flynn, et al.  (See id. at ¶51.)  In total, the EOUSA has referred to the FBI approximately 6,000 pages of investigative records.  (Id.)  The EOUSA did not decline to refer to the FBI any investigative records responsive to Plaintiff's final, June 23, 2004 formulation of his FOIA/PA request based on its rejection of the PA waivers that he had submitted in connection with that request, or for any other reason.  (Id.)

**LEGAL STANDARD**

**A.    Standard for Summary Judgment**

Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party seeking summary judgment must

---

[18] In the June 23, 2004 letter, Plaintiff stated that he did not want the EOUSA to view him as having abandoned his request for the public records.  (See Finnegan Decl. Ex. FF.)  However, the EOUSA does not have any record of Plaintiff having requested the public records in any subsequent correspondence.  (Finnegan Decl. ¶50.)

demonstrate an absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met its burden, the non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 248.

     **B.**    **Summary Judgment in FOIA/PA Cases**

FOIA/PA cases are typically and appropriately decided on motions for summary judgment.  See Truesdale v. Dep't of Justice, No. 03-1332, 2005 WL 3294004, at *3 (D.D.C. Dec. 5, 2005); Wheeler v. Dep't of Justice, 403 F. Supp. 2d 1, 5-8 (D.D.C. 2005).  A defendant is entitled to summary judgment in a FOIA/PA case if it demonstrates that no material facts are in dispute, that it has conducted an adequate search for responsive records and that each responsive record that it has located either has been produced to the plaintiff or is exempt from disclosure. See Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet that burden, the defendant may rely on reasonably detailed and non-conclusory affidavits and/or declarations. See McGehee v. C.I.A., 697 F.2d 1095, 1102 (D.C. Cir. 1983); Wheeler, 403 F. Supp. 2d at 6; Russell v. F.B.I., No. 03-0611, 2004 WL 5574164, at *2 (D.D.C. Jan. 9, 2004).  Such affidavits and/or declarations (singularly or collectively) are referred to as a Vaughn index.  See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert denied, 415 U.S. 977 (1974).  Here, the EOUSA has submitted a Vaughn index to explain and justify its actions in connection with the FOIA/PA request that Plaintiff submitted to it.  (See Finnegan Decl.)

## ARGUMENT

As stated above and demonstrated below, the EOUSA has satisfied its obligations in connection with the FOIA/PA request that Plaintiff submitted to it.  The EOUSA conducted an adequate search for the investigative records that Plaintiff ultimately wished to receive, and it

properly referred all such records to the FBI (the agency with which they originated) for

processing and a direct response to Plaintiff.  There is nothing more for the EOUSA to do in

response to Plaintiff's FOIA/PA request.[19]

A.    **The EOUSA Conducted an Adequate Search for Records**

An agency's search for records in the context of a FOIA/PA case is adequate if it was

"reasonably calculated to uncover all relevant documents."  Valencia-Lucena v. U.S. Coast

Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation marks omitted); see Oglesby v.

Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a

good faith effort to conduct a search for the requested records, using methods which can be

reasonably expected to produce the information requested.").  A search is not inadequate merely

because it failed to "uncover[] every document extant," SafeCard Servs., Inc. v. S.E.C., 926 F.2d

1197, 1201 (D.C. Cir. 1991); a search is inadequate only if the agency fails to "show, with

reasonable detail, that the search method . . . was reasonably calculated to uncover all relevant

documents," Oglesby, 920 F.2d at 68.  An agency may prove the adequacy of its search through

a "reasonab[ly] detail[ed]" declaration.  Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982)

(internal quotation marks and brackets omitted).

---

[19] As a general rule, when an agency-defendant refers records to another agency, the
agency-defendant remains a party to the lawsuit and is ultimately responsible for explaining the
actions of the agency to which the records were referred.  See Paisley v. C.I.A., 712 F.2d 686,
692 (D.C. Cir. 1983); Williams v. F.B.I., No. 92-5176, 1993 WL 157679, at *1 (D.C. Cir. 1993).
In the context of this case, however, the EOUSA (which is not a named defendant in this lawsuit)
should not be required to explain the actions of the FBI (the agency to which it referred records)
because the FBI will soon be explaining its own actions.  As stated above, in February 2009, the
FBI will be filing a separate memorandum of law in connection with this lawsuit (and in support
of Defendant's motion for summary judgment) in which it will explain and justify its:  (1) search
for records in response to the FOIA/PA request that Plaintiff submitted to it; and
(2) withholdings with respect to both the records it located in its own files and the investigative
records that were referred to it by the EOUSA.

Here, the EOUSA's <u>Vaughn</u> declaration establishes that its search method was reasonably calculated to uncover all of the records within its control that Plaintiff was seeking to obtain through his FOIA/PA request.  Initially, in 1996, Plaintiff made a broad request for 17 categories of records relating to <u>United States v. Flynn, et al.</u>  (See Finnegan Decl. Ex. A.)  In response to that request, the EOUSA had the USAO DNH—the United States Attorney's Office for the district in which <u>United States v. Flynn, et al.</u> was prosecuted and in which the criminal activities that led to <u>United States v. Flynn, et al.</u> took place—conduct a search for responsive records.  (<u>See id.</u> at ¶45.)  The USAO DNH searched LIONS for responsive records using Plaintiff's name as the search term.  (<u>See id.</u>)  LIONS is a computer database that tracks all criminal and civil investigations and cases.  (<u>See id.</u>)  It can be searched using, <u>inter alia</u>, a party's name.  (<u>Id.</u>)  The USAO DNH also searched its paper indices of criminal and civil cases, as well as the Federal Records Center's paper indices of criminal and civil cases, for responsive records.  (<u>See id.</u>)  Finally, the USAO DNH had its staff search their own personal files for responsive records.  (<u>See id.</u>)  The above account demonstrates that the EOUSA's initial search in response to Plaintiff's FOIA/PA request was "reasonably calculated to uncover all relevant documents," and was thus adequate.  <u>See Valencia-Lucena</u>, 180 F.3d at 325.  The fact that the search uncovered the 27-box master criminal case file for <u>United States v. Flynn, et al.</u> (Finnegan Decl. ¶45) provides strong support for the conclusion that it was adequate.

Following the EOUSA's initial search for records, there was much correspondence exchanged between the parties over a multi-year period concerning, among other things, the scope of Plaintiff's FOIA/PA request and the records that he ultimately wished to obtain in connection with that request.  (<u>See supra</u> 5-11.)  As a result of that correspondence, by March 2004, the EOUSA was no longer clear as to the types of records that Plaintiff wished to obtain

from the 27-box file for <u>United States v. Flynn, et al.</u>  (<u>See</u> Finnegan Decl. Ex. AA.)  Thus, in a

letter dated March 29, 2004, the EOUSA asked Plaintiff to "clarif[y] . . . the type[s] of records"

"(for example, public records, investigative records, etc.)" that he still wished to obtain.  (<u>Id.</u>)

Plaintiff ultimately stated that he wished to obtain all investigative records relating to himself

and/or four deceased third parties.  (<u>See id.</u> at Ex. FF.)  Thus, the EOUSA (acting through the

USAO DNH) first conducted a search of the full <u>United States v. Flynn, et al.</u> file for all

investigative records located therein (<u>id.</u> at ¶¶46, 51 n.3), and then searched the investigative

records that it (acting through the USAO DNH) had located for records relating to Plaintiff

and/or the four deceased third parties (<u>id.</u>).  The EOUSA ultimately located "about 3 boxes of

responsive investigative records."  (<u>See id.</u> at Ex. DD.)  There can be no question that the above

search was reasonably calculated to uncover all investigative records pertaining to Plaintiff

and/or the four deceased third parties and to <u>United States v. Flynn, et al.</u>  Thus, the search was

adequate.  <u>See</u> <u>Valencia-Lucena</u>, 180 F.3d at 325.

> **B.    The EOUSA's Referral of the Investigative Records to the FBI Was Appropriate and, in Any Event, Plaintiff has Waived His Right to Challenge that Referral**

The EOUSA referred the investigative records that it had located in response to

Plaintiff's final reformulation of his FOIA/PA request to the FBI, and was entirely justified in

doing so.  According to DOJ regulations, an agency that possesses records responsive to a FOIA

request may "[r]efer the responsibility for [determining whether those records should be

disclosed] to [the] agency that originated the record[s]" if the referring agency determines that

the originating agency is "best able to [make the disclosure determination]."  28 C.F.R.

§ 16.4(c)(2).  "Ordinarily, the . . . agency that originated a record will be presumed to be best

able to determine whether to disclose it."  (<u>Id.</u>)  Here, the EOUSA determined that the

investigative records that it had located in response to Plaintiff's final reformulation of his FOIA/PA request originated with the FBI, and thus, that the FBI was best able to decide whether to disclose those records.  (See Finnegan Decl. ¶51.)  There is no reason to doubt that determination.  Thus, the EOUSA's decision to refer the investigative records to the FBI was appropriate.  See 28 C.F.R. § 16.4(c)(2); see also Stone v. Def. Investigation Serv., No. 91-2013, 1992 WL 52560, at *1 (D.D.C. Feb. 24, 1992) (recognizing that agencies may refer responsive records to originating agencies), aff'd 978 F.2d 744.

Moreover, by letter dated August 9, 2004, Plaintiff was informed that the EOUSA had referred the investigative records to the FBI for processing and a direct response to him, and that "[t]his [was] the final action [that the EOUSA would] take concerning [his FOIA/PA] request." (Finnegan Decl. Ex. GG.)  However, Plaintiff did not object to, much less administratively appeal, that course of action, despite an express invitation to do so.  (See id. ("You may appeal our decision in this matter [to the OIP] . . . .").)  Thus, Plaintiff has waived his right to object to the EOUSA's referral of the investigative records to the FBI in this proceeding.  See Lair v. Dep't of Treasury, No. 03-827, 2005 WL 645228, at *3-*4 (D.D.C. Mar. 21, 2005) (holding that the only issues properly before the court were those that the plaintiff had raised in his administrative appeals); see also Dettmann v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (observing that "a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request— and yet not have exhausted her remedies with respect to another aspect of a FOIA request").

## C.    The EOUSA's Rejection of the PA Waivers Was Justified and, in Any Event, Is Immaterial to the Outcome of this Case

The EOUSA was justified in refusing to honor the third-party PA waivers that Plaintiff had submitted to it in connection with his FOIA/PA request.  After learning that one of the third

parties for whom Plaintiff had submitted a PA waiver—Richard J. Ferguson—had told the

Criminal Division that he had never authorized Plaintiff to receive his records, the EOUSA was

certainly justified in rejecting: (1) the PA waiver that Plaintiff had submitted for Mr. Ferguson;

and (2) the PA waivers that Plaintiff had submitted for the four third parties who had failed to

respond to the EOUSA's letters inquiring whether they had in fact authorized Plaintiff to receive

their records. (See supra 9.)  Moreover, the EOUSA was justified in rejecting the remaining PA

waivers in light of the multiple reasons it had to question whether they were voluntarily given:

- the subject of one of those waivers appeared to have been misled as to the waiver's purpose and/or effect and had requested that his/her waiver be withdrawn;

- the subject of another of those waivers had (at all relevant times) been suffering from a neurological illness that severely limited his/her cognitive abilities;

- at least as of 1996 (four years after Plaintiff's trial), persons who had cooperated with the government during Plaintiff's trial apparently remained fearful of Plaintiff and his alleged co-conspirators and concerned for their safety, and some of the individuals who had acknowledged signing the waivers had cooperated with the government during Plaintiff's trial; and

- Plaintiff had apparently been willing to submit a fraudulent waiver for at least one third party.

(See supra 9-10 (explaining why the EOUSA rejected the remaining PA waivers).)

In any event, the EOUSA's rejection of the third-party PA waivers is immaterial to the

outcome of this case.  After much correspondence between the parties, Plaintiff ultimately made

clear that, in connection with his FOIA/PA request, he wished to receive from the EOUSA all

investigative records within its control relating both to himself and/or the four deceased third

parties and to United States v. Flynn, et al.  (See Finnegan Decl. Exs. CC, FF.)  The EOUSA

referred all such records to the FBI for processing and a direct response to Plaintiff.  (See id. at

¶51; id. at Ex. GG.)  The EOUSA did not decline to refer any investigative records concerning

Plaintiff and/or the four deceased third parties to the FBI as a result of its rejection of the PA

19

waivers.  (<u>See</u> <u>id.</u> at ¶51.)  Nor did the fact that it had rejected the PA waivers impact its search

for responsive investigative records.  (<u>See</u> <u>id.</u> at ¶51 n.3.)

## CONCLUSION

As stated above, the ultimate outcome of this case is dependent upon the appropriateness

of the actions of both the EOUSA and the FBI in connection with Plaintiff's FOIA/PA requests.

Thus, this Court cannot fully resolve this case at this juncture.  However, at this time, and for the

reasons stated above, this Court can (and Defendant believes should) rule that the EOUSA acted

appropriately in response to, and has fully satisfied its obligations in connection with, the

FOIA/PA request that Plaintiff submitted to it, and thus grant Defendant summary judgment with

respect to any and all claims in this FOIA case that relate to the EOUSA.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| WILLIAM KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action 07-1989 (PLF) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

_____

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), Defendant the United States Department of Justice respectfully submits this Statement of Material Facts Not in Genuine Dispute.

1.    In 1992, Plaintiff and two of his alleged co-conspirators, Charles J. Flynn and Gary P. Neal, were convicted of multiple felony counts—including conspiracy to commit bank robbery, armed and unarmed robbery and firearms and Hobbs Act violations—following a 31-day jury trial. See United States v. Flynn, et al., 36 F.3d 1190, 1193-95 (1st Cir. 1994); Kenney v. United States, No. 97-603-B, 2002 WL 1012925, at *1 (D.N.H. May 15, 2002); Kenney v. United States, No. 97-603-B, 2000 WL 1513707, at *1 (D.N.H. Sept. 7, 2000). (See also Finnegan Decl. ¶54.)[1]

2.    Plaintiff was tried, convicted and sentenced in the United States District Court for the District of New Hampshire. (Id.) The unlawful activities that led to Plaintiff's 1992 criminal trial and conviction took place in New Hampshire. See Flynn, et al., 36 F.3d at 1193.

_____

[1] Citations in the form "(Finnegan Decl. __)" refer to the Declaration of Karen M. Finnegan, which is dated July 31, 2008, and which is being submitted herewith.

3.      By letter dated June 20, 1996, Plaintiff submitted a Freedom of Information Act ("FOIA")/Privacy Act ("PA") request to the EOUSA seeking 17 categories of records relating to the 1992 criminal case that was brought against him and his alleged co-conspirators, United States v. Flynn, et al. (See Finnegan Decl. Ex. A.)

4.      In response to Plaintiff's FOIA/PA request, the EOUSA had the United States Attorney's Office for the District of New Hampshire ("USAO DNH") conduct a search for responsive records. (See id. at ¶45.) The USAO DNH searched the Legal Information Office Network System ("LIONS") for records responsive to Plaintiff's request using his name as the search term. (Id.) The USAO DNH also searched its paper indices of criminal and civil cases, as well as the Federal Records Center's paper indices of criminal and civil cases, for responsive records. (See id.) Finally, the USAO DNH had its staff search their own personal files for responsive records. (See id.) The above searches uncovered the master criminal case file associated with Untied States v. Flynn, et al. (See id.)

5.      Following the above searches, by letters dated December 20, 1996 and August 12, 1997, the EOUSA informed Plaintiff that it was denying his FOIA/PA request to the extent it sought non-public records relating to United States v. Flynn, et al. on the ground that such records were subject to withholding pursuant to (among other FOIA/PA exemptions) FOIA exemption (b)(7)(A) and PA exemption (j)(2). (See id. at Exs. D, G, K Ex. 1 & ¶¶11, 14.) Plaintiff administratively appealed the EOUSA's refusal to produce to him the non-public records responsive to his FOIA/PA request to the Office of Information and Privacy (the "OIP"). (See, e.g., id. at Exs. E, H.)

6.      By letter dated June 29, 1999, the OIP informed Plaintiff that FOIA exemption (b)(7)(A) "is no longer applicable to withhold . . . in their entireties" the non-public records

responsive to his FOIA/PA request.  (<u>Id.</u> at Ex. L.)  The OIP further informed Plaintiff that "in

light of the[] changed circumstances, the EOUSA [would] further process the records that [he

had] requested."  (<u>Id.</u>)

7.      Thereafter, the EOUSA did in fact further process Plaintiff's FOIA/PA request.

(<u>See</u> <u>id.</u> at Ex. N.)  By letter dated May 5, 2000, the EOUSA informed Plaintiff that it had

"located nine boxes of 'non-public' records which contain material that may be responsive to

[his] request," and that it had "located approximately 11,900 pages of public, court-filed

documents" responsive to his request.  (<u>Id.</u>)

8.      Plaintiff responded to the EOUSA's May 5, 2000 letter by letter dated May 12,

2000.  (<u>Id.</u> at Ex. O.)  In his May 12, 2000 letter, Plaintiff stated that he would "shortly" be

submitting to the EOUSA "numerous" Privacy Act waivers ("PA waivers").  (<u>See</u> <u>id.</u>)  Plaintiff

wanted the EOUSA to apply those PA waivers when it processed records in response to his

FOIA/PA request.  (<u>See</u> <u>id.</u>)  By letters dated June 7, 2000, September 17, 2000 and February 16,

2001, Plaintiff submitted to the EOUSA a number of PA waivers that he claimed were executed

by the third parties identified therein.  (<u>See</u> <u>id.</u> at Exs. P, Q, R.)

9.      Between June 7, 2000 and March 29, 2004, Plaintiff also submitted to the

EOUSA death certificates for additional third parties.  (<u>See</u> <u>id.</u> at Exs. P, W, AA.)

10.     By letter dated February 10, 2004, the EOUSA informed Plaintiff that it was

rejecting the PA waiver that he had submitted for Richard J. Ferguson.  (<u>Id.</u> at Ex. Z.)  In the

February 10, 2004 letter, the EOUSA also informed Plaintiff that it was rejecting the PA waivers

that he had submitted for four other third parties.  (<u>Id.</u>)

11.     By letter dated March 29, 2004, the EOUSA informed Plaintiff that it was

rejecting the remaining PA waivers that he had submitted.  (<u>See</u> <u>id.</u> at Ex. AA.)  In the March 29,

2004 letter, the EOUSA also informed Plaintiff that it would honor his June 20, 1996 FOIA/PA

request to the extent the request sought information relating to himself and the third parties for

whom he had submitted death certificates.  (See id.)  However, the EOUSA stated that "the

scope of [Plaintiff's FOIA/PA] request ha[d] become ambiguous to [it]."  (Id.)  Thus, the

EOUSA asked Plaintiff to send it a letter within 30 days "clarif[ying] . . . the type[s] of records"

"(for example, public records, investigative records, etc.)" that he still wished to obtain through

his FOIA/PA request.  (Id.)

    12.    By letter dated April 20, 2004, Plaintiff informed the EOUSA that he was "now . .

. requesting all investigative records and information on myself and the deceased individuals."

(Id. at Ex. CC (emphasis in original).)  Plaintiff also asked the EOUSA to separately "estimate . .

. the cost of [producing] all publicly filed records [on himself and the deceased individuals]."

(Id. (emphasis in original).)

    13.    By letter dated June 8, 2004, the EOUSA informed Plaintiff that it had conducted

a new search of its records in response to his April 20, 2004 letter and that it had located "about

3 boxes of responsive investigative records" and "about 120 pages of [responsive] publicly filed

records."  (Id. at Ex. DD.)  The EOUSA further informed Plaintiff that the investigative records

"would have to be referred to the FBI for . . . processing."  (Id.)

    14.    The documents contained within the "about 3 boxes of responsive investigative

records" referenced above were located within the master criminal case file for United States v.

Flynn, et al.  (See id. at ¶46.)  The master criminal case file is comprised of 27 boxes.  (Id.)

Scattered throughout many of those 27 boxes are "investigative records."  (Id.)  Prior to June 8,

2004, the USAO DNH had conducted a search of the master criminal case file for all

investigative records located therein and had sent the EOUSA 11 boxes containing, inter alia,

each such record. (Id.) The EOUSA then searched the 11 boxes for investigative records pertaining to Plaintiff and/or the four deceased third parties. (Id.) The "about 3 boxes of responsive investigative records" referenced in the EOUSA's June 8, 2004 letter contained the fruits of that search. (See id. at ¶¶46, 51 & n.3.)

15.     Plaintiff responded to the EOUSA's June 8, 2004 letter by letter dated June 23, 2004. (See id. at Ex. FF.) Plaintiff informed the EOUSA that he was "[a]t this time . . . declin[ing] to [further] pursue [production of] the publicly filed . . . records," but that he did "want to pursue [production of] the investigative records." (Id.)

16.     In response to Plaintiff's June 23, 2004 letter, by letter dated August 9, 2004, the EOUSA stated that it had "gathered all investigative records [pertaining to Plaintiff and/or the four deceased third parties] and referred them to the FBI for review and processing." (Id. at Ex. GG.) The August 9, 2004 letter further stated that "[t]his is the final action [the EOUSA] will take concerning [Plaintiff's FOIA/PA request]" and that Plaintiff "may appeal [the EOUSA's action] by writing [to the OIP] within sixty (60) days from the date of th[e] letter." (Id.) The EOUSA does not have any record of Plaintiff having filed an appeal in response to the August 9, 2004 letter. (Id. at ¶52.)

17.     In total, the EOUSA has referred to the FBI approximately 6,000 pages of investigative records. (Id.) The EOUSA did not decline to refer to the FBI any investigative records responsive to Plaintiff's final, June 23, 2004 formulation of his FOIA/PA request based on its rejection of the PA waivers that he had submitted in connection with that request, or for any other reason. (Id.)

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
WILLIAM KENNEY,                               )
                                              )
            Plaintiff,                        )
                                              )
            v.                                )        Civil Action 07-1989 (PLF)
                                              )
UNITED STATES DEPARTMENT OF JUSTICE,  )
                                              )
            Defendant.                        )
_____)

## <u>ORDER</u>

Having considered Defendant's Partial Motion for Summary Judgment, and the entire

record herein, it is this _____ day of _____, 2008:

ORDERED that Defendant's Partial Motion for Summary Judgment is GRANTED; and

it is

FURTHER ORDERED that Defendant is awarded summary judgment as to any and all

claims in this action that relate to the response of the Executive Office for United States

Attorneys to the Freedom of Information Act/Privacy Act request that was submitted to it by

Plaintiff.

SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE

Copy to:  ECF Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-1989 (PLF) |
| | ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF KAREN M. FINNEGAN

I, Karen M. Finnegan, declare the following to be a true and correct statement of facts:

1.) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§552a.

2.) Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by William Kenney, which forms the basis for this litigation.

3.) My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulations 28 C.F.R. § 16.3 *et seq*. and § 16.40 *et seq*.; and defending EOUSA's position in litigating challenges to EOUSA's initial actions.

-1-

4.) My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorney's Offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing proposed responses made to those requests.

5.) The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

6.) The purpose of this declaration is to provide the Court and Plaintiff with an explanation of the handling of his access requests. This declaration is submitted in support of Defendant's motion for summary judgment.

## CORRESPONDÉNCE

7.) By letter dated June 20, 1996, Plaintiff requested access to the following:

1. All records pertaining to "the Prosecution of our case in the District of New Hampshire Titled U.S. v. Charles "Chucky" Flynn, et all. [sic] on the date Oct. 6, 1992."
2. All records (local, state, and federal) related to "the robbery of the Demoulas Market Basket, a supermarket in Portsmouth, New Hampshire on April 13, 1991."
3. All records (local, state, and federal) related to "the robbery of an employee for the Dress Barn while attempting to make a deposit into the night depository at the First National Bank of Portsmouth[,] New Hampshire [on] June 7, 1991."
4. All records (local, state, and federal) related to "the armed robbery of the home of James Fitzpatrick, the owner of a chain of stores known as Lighthouse Markets, Inc., in Hampton, New Hampshire on August 3, 1991."
5. All records (local, state, and federal) related to "the armed robbery of the person of James Fitzpatrick after he made his rounds to collect reciepts [sic] at each of his stores on August 17, 1991."
6. All records (local, state, and federal) related to "the armed robbery of The First New Hampshire Bank in Stratham, New Hampshire on September 9, 1991."

7. All records related to "this conviction from The U.S. Marshalls [sic] Service Office, The A.T.F., F.B.I., D.E.A., U.S. CUSTOMS, U.S. POSTAL SERVICE, BOP, U.S. ATTORNEY'S OFFICE of NEW HAMPSHIRE and MASSACHUSETTS from 1990 to the present."

8. "A list of Wittnesses [sic] interviewed whether or not they were called to testify in this case."

9. The complete "criminal record of any wittness [sic] the government relied on at trial, including, but not limited to, any pending charges."

10. A "complete Statement of any and all criminal conduct which the government has/had knowledge pertaining to any cooperating wittness [sic] against myself and others which they testified and not reveiled [sic] to the defendants in the above conviction."

11. A "complete statement of any and all promises, rewards, and/or inducements of any kind made by the Government, its prosecutors, agencies, or its agents, or by any state acting acting [sic] as a result of an explicit or implicit request by the government to induce or encourage the giving of testimony or information and made to any prospective wittness [sic] whom the government did or did not call to testify in relation to this investigation."

12. Information relating to "whether any government wittness [sic] had/has been hospitalized for psychiatric disorders, alcohol or drug abuse."

13. Information "pertaining to whether any wittness [sic] as to when, specifically, was each wittness [sic] placed in a protection program or relocated, [t]he specific date."

14. "The amount of money given, spent, reimbursed, set aside and or any 'bonus' case provided to any of the wittness's [sic]."

15. "The dates of any interviews conducted with any wittness [sic] who gave information in any way, shape or form in regards to myself or any of my codefendants Charles Flynn, or Gary Neil."

16. All information "turned over to the Government by the Boston Police Department, Suffolk County District Attorney's Office, New Hampshire State Police, Hampton Police, Stratham Police, Massachusetts State Police, Portsmouth Police, Phoenix Police, Upland Police, and any other Group or Agency in regards to pertaining to myself, William F. Kenney, or co-defendants Charles Flynn or Gary Neil."

17. All records "in regards to any other allegations, suspicions or the like in relation to any other suspected criminal activity committed by myself or my codefendants, Charle[s] Flynn or Gary Neil."

Plaintiff also requested that EOUSA waive all processing fees due to his indigency. (**See**

**Exhibit A.**)

8.) Upon receipt of Plaintiff's June 20, 1996, request EOUSA opened three separate

request files: 96-1591, which covered all information pertaining to Plaintiff and to U.S. v. Flynn

et al.; 96-1959, which covered specific records related to U.S. v. Flynn et al.; and, 96-1662,

which covered information pertaining to Plaintiff and specific records related to U.S. v. Flynn et

al.[1]

9.) By letter dated August 18, 1996, EOUSA denied Plaintiff's request for a fee waiver

and advised him that unless he notifies EOUSA within thirty days that he agrees to pay up to

$25.00 in fees, request number 96-1591 would be closed.  EOUSA also advised Plaintiff of his

administrative appeal rights.  (See Exhibit B.)

10.) By letter dated August 31, 1996, Plaintiff advised EOUSA that he agreed to pay the

costs associated with processing his request.  (See Exhibit C.)

11.) EOUSA denied in part Plaintiff's request, number 96-1662, for access to specific

(non-public) records related to U.S. v. Flynn et al. in a letter dated December 20, 1996.  In this

letter, EOUSA advised Plaintiff that it partially denied his request pursuant to FOIA Exemptions

3, F.R.Cr.P. 6(e), 7(A), 5 U.S.C.

§§ 552(b)(3) and (b)(7)(A), and Privacy Act exemption (j)(2), 5 U.S.C.


§ 552a(j)(2).  EOUSA also advised Plaintiff that public records may be obtained from EOUSA or

from the Clerk of the Court upon specific request.  Finally, EOUSA advised Plaintiff of his

administrative appeal rights.  (See Exhibit D.)

---

[1] EOUSA has attempted to recreate the procedural history of Plaintiff'ss 1996 requests, but due to the age of the requests and the volume of correspondence and material it generated, EOUSA could not locate copies of all of its correspondence to Plaintiff, or all of Plaintiff's correspondence to EOUSA.  For this reason, there are certain pieces of correspondence that are t included in this Declaration.

12.) In a letter dated January 17, 1997, Plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP") from EOUSA's partial denial of his request, number 96-1662. (**See** **Exhibit E.**)

13.) OIP acknowledged receipt of Plaintiff's administrative appeal by letter dated February 4, 1997, and assigned it appeal number 97-0358. (**See** **Exhibit F.**)

14.) By letter dated August 12, 1997, EOUSA denied Plaintiff's request for his (non-public) records, request number 96-1591, pursuant to FOIA Exemptions 6, 7(A), 7(C), 7(D), and 7(F), 5 U.S.C. §§ 552(b)(6), (b)(7)(A), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and Privacy Act exemptions (j)(2), 5 U.S.C. § 552a(j)(2). EOUSA again advised Plaintiff that public records could be obtained upon specific request, and that he could file an administrative appeal from this denial. (**See** **Exhibit G.**)

15.) By letter dated September 11, 1997, Plaintiff filed an administrative appeal with OIP from EOUSA's partial denial of his request, number 96-1591. (**See** **Exhibit H.**)

16.) OIP advised Plaintiff in a letter dated October 31, 1997, appeal number 97-3217, that it affirmed EOUSA's no records response dated August 12, 1997, in request number 96-1591.[2] (**See** **Exhibit I.**)

17.) Plaintiff advised EOUSA in a letter dated March 30, 1999, that he would like to receive all public records related to requests numbered 96-1959 and 96-1591, and that he agrees to pay all of the copying costs associated with this material. (**See** **Exhibit J.**)

18.) By letter dated June 9, 1999, Plaintiff filed an appeal with OIP, which OIP assigned

---

[2] EOUSA could not locate a copy of its "no records" response in request number 96-1591, which was dated August 12, 1997, or of OIP's acknowledgment letter associated with this appeal.

appeal number 99-3855.  (See **Exhibit K.**)

19.)  In response to appeal number 97-0358, OIP advised Plaintiff by letter dated June 29, 1999, that Exemption (b)(7)(A) was no longer applicable to withhold the requested (non-public) records in full.  Accordingly, OIP remanded this request to EOUSA for further processing.  (**See Exhibit L.**)

20.)  In response to appeal number 99-3855, and by letter dated January 11, 2000, OIP advised Plaintiff that his request was pending in EOUSA's backlog and that OIP could not act until EOUSA completed its action on the request.  (**See Exhibit M.**)

21.)  By letter dated May 5, 2000, EOUSA advised Plaintiff that in request number 99-985 (the new request number assigned to Plaintiff's remanded request for his own records and records related to United States v. Flynn et al.) it had located nine boxes of "non-public" records, which contain material that may be responsive to his request and that due to the volume of responsive material it would take approximately two months to process the material for release. In this letter EOUSA also advised Plaintiff that it had located approximately 11,900 pages of publicly filed court documents and that if he wanted this material processed, he should submit an advanced payment of $1,190.00 in accordance with 28 C.F.R. § 16.11(i).  Finally, EOUSA advised Plaintiff that if it did not receive the advanced payment within 20 days, it would presume that he does not want the public records.  (**See Exhibit N.**)

22.)  In a letter dated May 12, 2000, Plaintiff advised EOUSA that he would like to narrow the scope of his request for publicly filed court documents to exclude trial and hearing transcripts, and requested that EOUSA recalculate the fee estimate for processing the public and court-filed material.  Plaintiff also stated that he would "shortly" be submitting to EOUSA

"numerous" privacy waivers that he had allegedly obtained from third parties whom he believed would be "mentioned" in the non-public records that EOUSA had located in response to his request for agency records. Plaintiff wanted EOUSA to apply those privacy waivers when it processed the non-public records. (See Exhibit O.)

23.) By letter dated June 7, 2000, Plaintiff requested access to records pertaining of 15 third-party individuals, and submitted privacy waivers that Plaintiff represented were signed by these individuals. (See Exhibit P.)

24.) In a letter dated September 17, 2000, Plaintiff requested access to records pertaining to Bernard Grossberg, and submitted a privacy waiver purportedly signed by Mr. Grossberg. (See Exhibit Q w/o attachments.)

25.) Plaintiff requested access to all records pertaining to Glenn R. Kerivan by letter dated February 16, 2001, and submitted a privacy waiver from Mr. Kerivan. (See Exhibit R w/o attachments.)

26.) In a letter dated August 14, 2002, Plaintiff inquired into the status of his requests. (See Exhibit S.)

27.) In response to Plaintiff's status inquiry, and by letter dated August 29, 2002, EOUSA advised Plaintiff that it was awaiting a response from the local U.S. Attorney's Office regarding the costs involved in locating the publicly filed court records that Plaintiff advised he was interested in obtaining. (See Exhibit T.)

28.) By letter dated October 3, 2002, EOUSA advised Plaintiff that it had located approximately 16,506 pages of material, not including court records, on the third party subjects. In addition, EOUSA advised Plaintiff that it had identified approximately 2,500 pages of court

records, not including trial and hearing transcripts, and that the anticipated fees will exceed

$25.00. EOUSA asked Plaintiff to advise in writing if he agrees to pay the anticipated fees, and

informed Plaintiff that if he did not respond within 20 days, his request would be closed. Finally,

EOUSA advised Plaintiff of his administrative appeal rights. (**See Exhibit U.**)

29.) In a letter dated October 15, 2002, Plaintiff advised EOUSA that he would like to

further narrow the scope of his request to exclude: (1) all trial and hearing transcripts except for

Richard Ferguson's sentencing transcript; and, (2) the publicly filed court documents. (**See**

**Exhibit V.**)

30.) By letter dated December 19, 2002, Plaintiff requested access to all records on his

deceased father, William F. Kenney, Sr. (**See Exhibit W w/o attachment.**)

31.) In a letter dated January 16, 2003, Plaintiff filed an administrative appeal with OIP

from EOUSA's failure to respond to his request. (**See Exhibit X.**)

32.) OIP acknowledged receipt of Plaintiff's appeal by letter dated February 11, 2003,

and assigned it appeal number 03-1237. (**See Exhibit Y.**)

33.) By letter dated February 10, 2004, EOUSA advised Plaintiff that law enforcement

sources had advised EOUSA that the privacy waiver that Plaintiff submitted to gain access to

Richard Ferguson's records was not valid; therefore, EOUSA denied this request. In addition,

EOUSA advised Plaintiff that his requests for access to records pertaining to Linda/Lynda E.

DeCarlo, Gary Neal, Brian Raineri, and Gaetano Cavallaro were also being denied because

EOUSA had been unable to verify the validity of the privacy waivers Plaintiff submitted for

access to their records. (**See Exhibit Z.**)

34.) In the February 10, 2004, letter EOUSA also advised Plaintiff that the USAO had expended over 100 hours in searching for records, and that he had now exhausted all free search time. EOUSA estimated that it would take an additional 24 hours to search for Richard Ferguson's publicly filed plea and sentencing information, and approximately 40 hours to search for and locate records pertaining to the other third party individuals he had identified in his requests. As a result, EOUSA estimated that processing fees would amount to $1,792.00, and requested that Plaintiff make an advanced partial fee payment of $250.00. EOUSA also advised Plaintiff of his administrative appeal rights. Finally, EOUSA advised Plaintiff that it had not received a partial payment within 30 days it would close Plaintiff's requests. See id.

35.) By letter dated March 29, 2004, EOUSA advised Plaintiff that due to his prior submission of an invalid privacy waiver, it had rejected the remaining privacy waivers he had submitted and had closed the third party requests, and that it would only process his requests for records pertaining to himself, and the four deceased individuals that Plaintiff identified in his requests. EOUSA also asked Plaintiff to clarify his request because due to the many reformulations of his request, the scope of it had become ambiguous. Specifically, EOUSA asked Plaintiff to clarify the type of records that he was requesting regarding himself and the deceased individuals. EOUSA also advised Plaintiff that he must respond to this letter within 30 days or his request will be closed. (**See Exhibit AA.**)

36.) In a letter dated April 5, 2004, Plaintiff filed an administrative appeal with OIP from EOUSA's February 10, 2004, action related to the third party requests. Plaintiff also appealed from the additional search time estimated at 24 hours to locate publicly filed court documents pertaining to Mr. Ferguson's plea and sentencing transcripts. (**See Exhibit BB.**)

-9-

37.) By letter dated April 20, 2004, Plaintiff clarified his request to seek access only to all of the investigative records and information on himself and the deceased individuals identified in his requests, and he asked that EOUSA provide another fee estimate for the publicly filed court documents related to himself and the deceased individuals. Plaintiff specifically excluded from the scope of his request copies of legal research and the trial transcripts pertaining to U.S. v. Flynn et al., and he stated that he would like a search for responsive records pertaining to his father to be conducted in the judicial districts of Massachusetts and New Hampshire. (**See Exhibit CC.**)

38.) In a letter dated June 8, 2004, EOUSA advised Plaintiff that it had received his reformulated request and that after expending six hours of search time it had located three boxes of investigative records, and approximately 120 pages of publicly filed records. EOUSA also advised that the United States Attorneys Office for the District of New Hampshire ("USAO DNH") had estimated that to locate the publicly filed court documents that he requested it would require a search of 27 boxes of material, and 40 hours of search time. Consequently, EOUSA advised that the estimated fees associated with this search would amount to $1,288.00. EOUSA requested that Plaintiff submit an advanced payment of $1,288.00 and that if it did not receive payment within 20 days his requests would be closed. (**See Exhibit DD.**)

39.) In two letters dated June 14 and 15, 2004, respectfully, EOUSA advised Plaintiff that it had located no records pertaining to his father, William F. Kenney, Sr., after conducting searches in the USAOs for the Districts of New Hampshire and Massachusetts. (**See Exhibit EE.**)

40.) EOUSA has no record that Plaintiff filed an administrative appeal from the "no

records" responses pertaining to his requests for his father's records. Accordingly, Plaintiff has failed to exhaust administrative remedies with regard to this request.

41.) By letter dated June 23, 2004, Plaintiff advised EOUSA that he was no longer interested in obtaining the publicly filed court documents, but that he was interested in obtaining all of the investigative records. Plaintiff also advised EOUSA that he wanted to exclude all hearing transcripts from the scope of his request. (**See** Exhibit **FF**.)

42.) By letter dated August 9, 2004, EOUSA advised Plaintiff that in response to his June 23, 2004, letter it had referred all investigative records pertaining to himself and the deceased individuals to the Federal Bureau of Investigation ("FBI") for processing because these records originated with the FBI. EOUSA also advised Plaintiff of his administrative appeal rights, and this would be the final action of the EOUSA concerning his request. (**See** Exhibit **GG**.)

43.) In response to appeal number 03-1237, and in a letter dated September 25, 2007, OIP affirmed EOUSA's decision to take no further action in response to Plaintiff's requests for access to records pertaining to third party individuals due to serious questions concerning the authenticity of the privacy waivers that he had submitted. Moreover, OIP stated that Plaintiff must show that the waivers were authentic and that they had been freely signed before EOUSA would take further action on the requests. (**See** Exhibit **HH**.)

## ADEQUACY OF THE SEARCH

44.) The adequacy of any FOIA search is determined by a test of reasonableness. The FOIA requires a search tailored to the nature of the request and that is reasonably calculated to uncover all relevant documents. The reasonableness of an agency's search depends in part on the

requester's description of the records sought.

45.) Upon receipt of Mr. Kenney's FOIA/PA request, the United States Attorneys Office for the District of New Hampshire ("USAO DNH") conducted a systematic search to determine the location of any and all files relating to him. The computer case tracking system, the Legal Information Office Network System ("LIONS"), which tracks all criminal and civil investigations and cases, was used to determine all possible locations of responsive files. In searching the LIONS database, the defendant's name, USAO file jacket number, and the district court case number can be used as search terms. In this case, the USAO DNH used the name "William F. Kenney" to search for records responsive to Plaintiff's request. After completing the computer search to determine all possible record locations in the Criminal and/or Civil Divisions, the FOIA contact directed that a search of the indexes for the criminal, civil, and asset forfeiture cases be searched for responsive records, as well as the Federal Records Center Criminal and Civil Files Index. Further, the FOIA contact requested that the staff of the USAO DNH determine if they maintained any responsive files. The responsive records located in the USAO DNH were contained in a criminal case file captioned U.S. v. Flynn et al., Criminal No. 92-CR-18, which consists of approximately 27 boxes of material. This criminal case file contained records pertaining to Mr. Kenney and to the other co-defendants named in the Flynn indictment.

46.) The Flynn criminal prosecution file contains records relating not only to Mr. Kenney, but also to Mr. Flynn and Mr. Neal, and the other co-defendants named in the prosecution. As stated above, the Flynn case file consists of 27 boxes of material, with a separate pleadings and correspondence sub-file associated with each defendant. All of the investigative material pertaining to all of the defendants is scattered throughout these boxes too; therefore,

-12-

some of the investigative records contained in these boxes pertain only to Mr. Kenney, other investigative records pertain to both Mr. Kenney and certain of his co-defendants, and yet other records pertain solely to the other co-defendants in this case. Accordingly, investigative records relating to Plaintiff and third party individuals (living or deceased) would be contained in one or more of the 27 boxes of material. In response to Plaintiff's reformulated request for investigative records, and prior to June 8, 2004, the USAO DNH shipped to EOUSA 11 boxes of records from the criminal case file for United States v. Flynn, et al. Those 11 boxes included, among other things, all investigative records contained in the criminal case file. The USAO DNH had previously searched the criminal case file specifically for investigative records. Thereafter, EOUSA searched the 11 boxes for investigative records pertaining to Plaintiff and/or the deceased third parties identified in EOUSA's March 29, 2004 letter. That search produced approximately three boxes (or 6,000 pages) of responsive investigative records.

## PLAINTIFF'S JUNE 20, 1996 REQUEST

47.) One of the first steps in processing any access request is to determine into which fee category the requester should be placed. See 28 C.F.R. § 16.11(b). Department of Justice FOIA regulations require components to calculate the amount of fees that will be associated with processing an access request and to collect all applicable fees before sending copies of the requested records to the requester. See 28 C.F.R. § 16.11(a). Accordingly, upon receipt of Plaintiff's request, EOUSA determined that Plaintiff should be placed in the "all other" fee category, which would entitled him to two hours of free search time and the first 100 pages of duplication free of charge. See 28 C.F.R. § 16.11(d)(3)(i) and (ii).

48.) In denying Plaintiff's request for a waiver of processing fees, EOUSA advised

Plaintiff that he must agree to pay fees, up to $25.00, or his request would be closed. Plaintiff

agreed to pay the fees associated with processing his request in a letter dated August 31, 1996. (

See Exhibits B and C.)

49.) After identifying responsive records, EOUSA provided Plaintiff with a fee estimate,

which EOUSA recalculated many times in response to Plaintiff's efforts to reduce the processing

fees. (See Exhibits N, U, and DD.) Similarly, Plaintiff reformulated the scope of his request

many times in response to EOUSA's fee estimates. See supra, ¶¶ 22, 29, 37, and 41. The

second-to-last reformulation of Plaintiff's request occurred in a letter dated April 20, 2004, when

Plaintiff narrowed the scope of his request as follows:

> "I am now respectfully requesting all investigative records and information on
> myself and the deceased individuals and also please specify the estimate for the
> cost of all publicly filed records separately as well on us all. The only records that
> I respectfully ask to be excluded from the investigative files are photocopies of all
> caselaw and the trial transcripts of U.S. v. Charles Flynn et al.."

(See Exhibit BB.)

50.) Further, by letter dated June 23, 2004, Plaintiff reformulated his request for the final

time by advising EOUSA that

> "I respectfully decline to pursue the publicly filed portion of records
> and do want to pursue the investigative records. . . . In addition to the above
> exclusions, I would also like to have excluded from my request: 1) All hearing
> transcripts."

(See Exhibit FF.) EOUSA has no record of Plaintiff subsequently requesting access to these

public records.

51.) On the basis of these two letters, EOUSA identified the responsive investigative

-14-

records,[3] which originated with the Federal Bureau of Investigation ("FBI")[4], and by letter dated August 9, 2004, EOUSA advised Plaintiff that it had referred all of the investigative records to the FBI for review and direct response to him, and EOUSA had closed Plaintiff's request. See 28 C.F.R. § 16.4(c)(2); see also Exhibit GG. The referred material pertained to Plaintiff and/or to four deceased individuals, namely, Robert F. Ferguson, Charles Petralia, William F. Kenney, Sr. and Charles Flynn. EOUSA has referred to the FBI approximately 6,000 pages of investigative records. Because those 6,000 pages originated with the FBI, EOUSA determined that the FBI was best able to decide whether those pages should be disclosed. EOUSA did not decline to refer to the FBI any investigative records pertaining to Plaintiff and/or the four deceased individuals as a result of its rejection of the Privacy Act waivers that Plaintiff had submitted to EOUSA, or for any other reason.

52.) EOUSA has no record that Plaintiff filed an administrative appeal from EOUSA's final action on his request; therefore, he has failed to exhaust administrative remedies with regard to this action.

## EOUSA'S DECISION TO CLOSE THE THIRD PARTY REQUESTS

53.) Any records responsive to Plaintiff's third party requests would be contained in the USAO's Criminal Case Files (Justice/USA-007), which are contained in a Privacy Act System of

---

[3] As stated above, EOUSA identified responsive investigative records in the following manner: the USAO DNH first conducted a search of the criminal case file for United States v. Flynn, et al. for all investigative records located within that file; the USAO then searched the subset of investigative records that the USAO DNH had located for records relating to Plaintiff and/or the deceased third parties.

[4] This material also included state and local law enforcement records that were created in the course of the investigation involving Charles Flynn and his associates (Plaintiff), and EOUSA referred this material to the FBI as it was the lead federal investigative agency.

Records.  The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C.§ 552a(j)(2), which appear at 28 C.F.R. § 16.81.  Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws.  The mission of the USAO is to enforce criminal and civil laws and defend the interests of the United States, to provide Federal leadership in preventing and controlling crime, and to seek just punishment for those found guilty of unlawful behavior.

54.)  The information that Plaintiff has requested in this case pertains to the criminal investigation of Charles Flynn and his associates, one of whom was Plaintiff,[5] for racketeering, for armed and unarmed robberies, for interference with commerce by threats or violence, for firearm violations, for conspiracy, and for money laundering.  Mr. Kenney was tried, convicted and sentenced in the United States District Court for the District of New Hampshire.  Clearly, the responsive prosecution file was compiled for criminal law enforcement purposes by the USAO DNH, which performs as its principal function activities related to the enforcement of criminal laws.  Accordingly, this file is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2).

---

[5]  The thirty-two count Superseding Flynn Indictment charged Plaintiff in Counts One (1) through Five (5), Eight (8) through Eighteen (18), and Twenty-One (21) through Twenty-Six (26).  After a seven-week jury trial, Plaintiff was found guilty as to Counts Three (3), Four (4), Five (5), Ten (10),Eleven (11), Fourteen (14) through Eighteen (18), Twenty-Two (22), Twenty-Four (24), Twenty-Five (25), and Twenty-Six (26); and, not guilty as to Counts Eight (8), Nine (9), and Twenty-One (21).  On March 15, 1993, the Court sentenced Plaintiff to five hundred two (502) months imprisonment and ordered him to pay $275,934.76 in restitution and a $700.00 Special Assessment.  The Court also placed Plaintiff on supervised release for a period of five (5) years upon his release from incarceration.

55.) The Privacy Act of 1974 provides that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . .

5 U.S.C. § 552a(b).  This is known as the "No Disclosure Without Consent" Rule.

See *Privacy Act Overview* (2004) at 923.

56.) In addition, DOJ regulations provide that if a requester is seeking access to records pertaining to another individual (a third party), either a written authorization signed by that individual permitting disclosure of those records to the requester or proof that the individual is deceased will facilitate processing the request.  See 28 C.F.R. § 16.3(a).

57.) In light of the above-mentioned requirements of the Privacy Act, EOUSA has established an internal practice of not processing third party requests in the absence of a valid written authorization from the third party individual or valid proof of their death.  In addition, under the FOIA the inherent sensitivity of law enforcement records and the stigma that is attached to being merely mentioned in a law enforcement file is well recognized.  Consequently, EOUSA has determined that an individual's privacy interest in any law enforcement record is strong, which necessitates the receipt of valid written authorization or valid proof of death before making a disclosure.

58.) As stated above, Plaintiff submitted what he represented to be valid privacy waivers and Certification of Identity forms from all of the third party individuals named in his requests.  Thereafter, the Justice Department's Criminal Division advised EOUSA that Mr. Ferguson had informed a Criminal Division representative that he never authorized Plaintiff to have access to

his records. <u>See</u> Exhibit Z.

    59.) To confirm the validity of the Privacy Act waivers, EOUSA sent letters to each of the

third party individuals named in the privacy waivers and requested that each individual verify that

the signature appearing on the privacy waiver was in fact their handwritten signature, and also to

reconfirm their authorization to release their law enforcement information to Plaintiff. EOUSA

mailed each letter to the addresses appearing on each waiver form, and received no replies from

four individuals, namely, Linda/Lynda DeCarlo, Brian J. Raineri Sr., Gary P. Neal, and Gaetano

Cavallaro. See Exhibit Z.

    60.) In considering those individuals who did send a written response to EOUSA's

request by verifying their signatures and confirming their release authorization, EOUSA

determined that this group of individuals consisted of witnesses or potential witnesses in the

Flynn prosecution, and alleged co-conspirators of Plaintiff and Mr. Flynn who had testified

against them and/or otherwise assisted the government during their prosecution. Despite the

written confirmations it had received, EOUSA had the following reasons to question the

voluntariness of these Privacy Act waivers: (1) EOUSA received information (from the Criminal

Division) that one individual who had acknowledged signing the waiver appeared to have been

misled with respect to the purpose and/or effect of the waiver and had later requested that the

waiver be withdrawn; (2) EOUSA obtained a document that revealed that another third party who

had acknowledged signing the waiver was suffering from a neurological illness that severely

limited his/her cognitive abilities[6]; (3) an Assistant U.S. Attorney from the USAO DNH had

---

[6] According to the document that EOUSA received, the third party was suffering from said
neurological illness at least as of 1992—prior to the time when he/she allegedly signed the
privacy waiver, and prior to the time when he/she acknowledged having signed the privacy
waiver.

advised EOUSA that, at least as of 1996 (four years after Plaintiff's trial), persons who had cooperated with the government during Plaintiff's trial were fearful of Plaintiff and his co-defendants and gravely concerned for their own safety[7]; and (4) the mere fact that Plaintiff had apparently been willing to submit an invalid waiver for one of the third parties—Mr. Ferguson—gave EOUSA further reason to question the voluntariness of the remaining waivers.

61.) In light of these facts EOUSA concluded that there was significant uncertainty as to whether these individuals gave their authorization to release their law enforcement information to Plaintiff freely. Consequently, EOUSA decided to err on the side of caution in its efforts to protect the individuals' privacy interests; and therefore, denied all of Plaintiff's third party requests.

62.) As stated above, in response to Plaintiff's administrative appeal OIP affirmed EOUSA's decision not to process Plaintiff's third party requests stating that Plaintiff must show that the privacy waivers were authentic, and that they had been freely signed before any other action would be taken on these requests.

63.) Each step in the handling of Plaintiff's request has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

---

[7] Some of the third parties who had acknowledged signing privacy waivers for Plaintiff had cooperated with the government during Plaintiff's trial. This led EOUSA to question the voluntariness of their waivers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that **Exhibits A and Z, and Exhibits AA-HH** attached hereto are true and correct copies.

Executed this _31ˢᵗ_ day of July, 2008.

KAREN M. FINNEGAN
Attorney Advisor
EOUSA



GOVERNMENT
EXHIBIT
4

**Freedom of Information / Privacy Act** EOUSA/FOIA/PA

**Request Act Of 1974**

96 JUN 25  AM 10: 43

TO: **Executive Office Of U.S.ATTORNEY**

FREEDOM OF INFORMATION /PRIVACY ACT UNIT

600 E. ST. N.W ROOM 7100

WASHINGTON D.C. 20530

FROM:**WILLIAM F.KENNEY**
**# 00984-049**
**P.O. BOX 1000**
LEWISBURG, PA 17837
17837

DATE: JUNE 20, 1996

Pursuant to Title 5 U.S.C. 552 and 552a, and all other releven

t sections and parts there of,I the undersigned, also identified
above in the upper right-hand section,hereby respectfully request
that your agency provide me with the following records maintained
at your agecy:

#1. Any and all systems,Computer Print Outs,Data Banks,Files and
Documents,Agents,U.S. Attorney's and Assistant U.S. Attorney's
Notes,Deals and/or Agreements for Cooperation,Dossiers,Tapes and
or other recordings,Transcripts,Local and State Police Reports,
Statements,Memorandoms of Any Agent or Representative of your
Agency,specifically,but not limited to,The Indictment and
Conviction of Myself and others in relation to the Prosecution
of our case in the District of New Hampshire Titled **U.S.v.Charles**
**"Chucky" Flynn et all.** on the date Oct.6 1992.

#2. Any local,State or Federal Reports,302's,inserts,209's,
fieldnotes,interviews,identification's,deals for cooperation
or any other statements etc. in regards to the robbery of the
Demoulas Market Basket,a supermarket in Portsmouth,New Hampshire
on April 13,1991.

#3. Any Local,State or Federal RePorts,302's,inserts,209's
fieldnotes,interviews,identification's,deals for cooperation
or any other statements ect. in regards to the robbery of an
employee for the Dress Barn while attempting to make a deposit
into the night depository at the First National Bank of Ports-
mouth,New Hampshire on June 7,1991.

#4. Any and all Local,State or Federal Reports,302's,Inserts,
209's,Fieldnotes,Interviews,Identifications,Deals for coopera-
tion,Wittness Statements or any statements etc.in regards the
armed robbery of the home of James Fitzpatrick, the owner of
a chain of stores known as Lighthouse Markets,Inc.,in Hampton
New Hampshire og August 3,1991.

#5. Any and all Local,State or Federal Reports,302's,Inserts
209's,fieldnotes,Interviews,Identifications,Deals for coopera
tion,Wittness Statements or any other statements etc.made in
regards to the armed robbery of the person of James Fitzpatrick
after he made his night rounds to collect reciepts at each of
his stores oñ August 17,1991.

(1)

#6. Any and all Local,State or Federal Reports,302's,Inserts,
209's,Fieldnotes,Interviews,Identifications,Deals for Coopera-
tion,Wittness statements or any other statements etc. made in
regards to the armed robbery of The First New Hampshire Bank
in Stratham,New Hampshire on September 9 1991.


#7.Any and ALL notes in regards to this conviction from The
U.S. Marshalls Office,The A.T.F.,F.B.I.,D.E.A.,U.S.CUSTOMS,
U.S.POSTAL SERVICE,BOP,U.S.ATTORNEY'S OFFICE OF NEW HAMPSHIRE
AND MASSACHUSETTES from 1990 to the present.
#8.A list of Wittnesses interviewed whether or not they were
called to testify in this case.

#9.The full and complete criminal record of any wittness the
government relied on at trial,including,but not limited to,
any pending charges.

#10.A full and complete Statement of any and all criminal con-
duct which the government has/had knowledge pertaining to any
cooperating wittness against myself and others which they test
ified and was not reveiled to the defendants in the above conv-
iction.

#11. The full and complete statement of any and all promises ,
rewards,and/or inducements of any kind made by the Government,
its prosecutors,agencies,or its agents,or by any state acting
acting as a result of an explicit or implicit request by the
government to induce or encourage the giving of testimony or
information and made to any prospective wittness whom the
government did or did not call to testify in relation to this
investigation.

#12. The disclosure of whether any government wittness had/has
been hospitilized for psychiatric disorders,alcohol or drug
abuse.

#13. Any information pertaining to any wittness as to when,
specifically,was each wittness placed in a protection program
or relocated,The specific date.

#14. The amount of money given,spent,reimbursed,set aside and
or any "bonus" cash provided to any of the wittness's.

#15.The dates of any interviews conducted with any wittness
who gave information in any way,shape or form in regards
to myself or any of my codefendents Charles Flynn,or Gary
Neil.

#16.All information /reports in your custody which were pro-
vided or turned over to the Government by the Boston Police
Department,Suffolk County District Attorney's Office,New Hamp-
shire State Police,Hampton Police,Stratham Police,Massachusettes
State Police,Portsmouth Police,Phoenix Police,Upland Police
or any other Group or Agency in regards to Myself,William F.
Kenney,or Codefendents Charles Flynn,or Gary Neil.

#17. Any reports ,notes,write ups,etc.in regards to any other allegations ,suspicions or the like in relation to any other suspected criminal activity committed by myself or my codefedant s,,Charle Flynn or Gary Neil.

Your Agency may redact the names of individuals who are metioned in each document for the purpose of protecting their rights to personal privacy.

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOIA Act of 1974.

If for any reason any of the above requested information nor material is deemed to be privileged and exempt under FOI, please specify  the statutory reason for the exemption,the name and tit title of the person making the decision to withhold the material

In accordance with the FOI/PA your agency has 10 working days to respond to this request.In the event no response is made to this request,it will be deemed a denial, and judicial remedy wil will be sought.


Thank you for your consideration in this matter.

Respectfully,

William F.KENNEY
#00984-049
P.O. BOX 1000
Lewisburg,PA
           17837

## Certification OF IDENTITY

**PRIVACY ACT STATEMENT :**  In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individual submitting request by mail under the Privacy Act of 1974, U.S.C Section 552(a),is required. The purpose of this solicitation is to ensure that the recods of individuals who are the subject of U.S. Department of Justice systems of recods are not wrongfully disseminated by the department.Failure to furnish this information will result in no action being taken on the request by the Systems Manager.False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C.Section 552(a)(i)(3).

FULL NAME OF REQUESTER: WILLIAM FRANCIS KENNEY JUNIOR

CURRENT ADDRESS: P.O. BOX 1000,Lewisburg,PA. 17837

DATE OF BIRTH: December 23 ,1968

PLACE OF BIRTH:Cambridge ,Massachusettes

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five(5)years or both, and that requesting or obtaining any records under false pretenses is punishable under the provisions of 5 U.S.C.Section 522(a)(i)(3) by a fine of no more than $5,000.00.

SIGNATURE: *William Kenny*

### AFFIDAVIT OF INDENGENCY

In as much as the requested information is in the "PUBLIC INTEREST" and I have declared myself to be indegent,I ask that you "WAVE ALL FEES,COST and/or CHARGES" In pursuent to 5 U.S.C. Section 552(a)(1)(3) et. seq.

I, William Francis Kenney Junior,swear that the aforgoing FOIA/PA request is true and correct to the best of my knowledge and belief.

*William Kenney*

REG.# 00984-049

P.O. BOX 1000 UNIT j-3

LEWISBURG,PENNSYLVANIA 17837

"W.W. Wagner, Jr., Case Manager"
Authorized by the Act of July 7,
1955, as amended, to administer
oaths (18 USC 4004).



**U.S. Departme of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757    Fax 202-616-6478*

AUG 1 8 1996

Requester: WILLIAM F. KENNEY _____    Request No.: 96-1591 _____

Subject of Request: U.S. v. CHARLES "CHUCKY" FLYNN et al. _____

Dear Requester:

After careful consideration of your request for waiver of fees, I have considered all the factors set forth in 28 CFR 16.10(d) and have decided to deny your request for the following reason(s):

1.  [X]  You have not demonstrated that a waiver of fees will primarily benefit the general public.

2.  [X]  You have not demonstrated that releasing the information is likely to result in potential benefits being actually received by the general public.

3.  [X]  You have demonstrated that releasing the information will primarily result in financial or personal gain to you.

4.  [X]  Indigence alone does not justify a waiver of fees.

5.  [ ]  You have provided no reasons upon which to base a decision.

Unless you inform this office within 30 days that you agree to pay fees (up to $25.00), your request file will be closed.  Do not send money at this time.

You may appeal my decision in this matter by writing within 30 days, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

Form No. 016 - 5/95



GOVERNMENT
EXHIBIT

B

-2-

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Bonnie L. Gay
Attorney-in-Charge
FOIA/PA Unit

TO:EXECUTIVE OFFICE OF THE U.S.ATTORNEY'S   FROM:WILLIAM F.KENNEY
FREEDOM OF INFORMATION/PRIVACY ACT UNIT            REG.#00984-049
600 E. STREET N.W.,ROOM 7100          EOUSA/FOIA/PA BOX 1000
WASHINGTON,D.C. 20530          96 SEP -9 PM 2:01   LEWISBURG,PA 17837


RE: FREEDOM OF INFORMATION REQUEST #96-1591

DATE:AUGUST 31 ,1996

DEAR MRS.BONNIE GAY,

    I am in receipt of your letter dated August 18,1996 denying my
request for a waiver of all costs and charges associated with my request
under the FREEDOM OF INFORMATION/PRIVACY ACT.I do not appeal your
denial.

    In accordance with your letter,I hereby adopt and repeat my earlier
request for all records,Requests#1-#17, that are maintained by your
agency.

    I hereby agree to the costs associated with processing my request.
Please begin the processing my request.

    My understanding of case law is that I am entitled to review the
original documents in question. In the alternative I would ask that your
agency provide me with copies of the originals to save time and shipping
costs.

    I understand my request has been delayed because of the backlog
of requests filed with your agency. This will request that you expedite
consideration of my request, as I have a particular need for the
availability and use of that information at this time, and delay in
access would tend to adversely affect my interests. I am currently
serving a 502 month sentence after being convicted in the Federal
District Court for the District of New Hampshire and my direct appeal
has been affirmed in the First Circut Court of Appeals. As you know
under the New Crime Bill I have exactly one year to file my 2255 Habeas
Corpus Petition with the District Court I was convicted in and as Of April
26,1996,The day my appeal was affirmed,the (1) ONE YEAR CLOCK has started.
The information is essential to me because it is exculpatory in nature
and a big part of my 2255 Brief.

    If the information is not made available to me in 10 working days



GOVERNMENT
EXHIBIT

from your receipt of this letter, I shall file an administrative appeal and request that the agency management take appropriate action on my request.

I would appreciate your prompt attention to my request. I thank you in advance for your time and consideration to this matter.

J.M. LINCALIS PAROLE OFFICER"
Authorized by Act of July 7, 1955
to Administer Oaths
(18 U.S.C. 4004)

SINCERELY,

WILLIAM F. KENNEY

#### CERTIFICATE OF SERVICE

I, WILLIAM F. KENNEY, hereby certify under the penalty of perjury, that I have mailed a copy of the forementioned letter to: MRS. Bonnie Gay, Attorney-in-Charge, FOIA/PA Unit, Executive Office Of The U.S. Attorney's 600 E.  Street N.W., ROOM 7100, Washington, D.C.   20530, this 3/ DAY OF August, 1996.

WILLIAM  F.  KENNEY

SUBSRIBED AND SWORN TO ME ON
THIS 3\ DAY OF AUGUST, 1996

J.M. LINCALIS PAROLE OFFICER"
Authorized by Act of July 7, 1955
to Administer Oaths
(18 U.S.C. 4004)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C.  20530*
*202-616-6757   Fax 202-616-6478*

20

Requester: <u>Mr. William F. Kenney</u>  Request Number: 96- ~~1959~~ 1662

Subject of Request: <u>Specified records in relation to U.S. v.</u>
<u>Charles "Chucky" Flynn et al.</u>

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 C.F.R. 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [X] partial [ ] full denial.

The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

|         Section 552          |  |  | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [X] (j)(2) |
| [ ] (b)(2) | [ ] (b)(5) | [ ] (b)(7)(C) | [ ] (k)(2) |
| [X] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
| F.R.C.P. | [X] (b)(7)(A) | [ ] (b)(7)(E) | [ ](k)(6) |
| Rule 16 |  |  |  |

[ ]  originated with another government component.  These records were referred to the component(s) listed on the next page for review and direct response to you.

[X]  are public records which may be obtained from the clerk of the court or this office, upon specific request.

Form No. 021 - 4/95



GOVERNMENT EXHIBIT
D

-2-

[X]    See additional information below.

[ ]   A $_____ copying, $_____ search, and/or $_____
review fee is being assessed for the processing of your request.
Please send a certified check or money order for $_____,
payable to the Treasury of the United States, within thirty
Payment should be mailed to the Freedom of Information
Act/Privacy Act Unit, Room 7100, BICN Bldg., Washington, DC
20530.

This is the final action this office will take concerning
your request.

You may appeal my decision to withhold records in this
matter by writing within 30 days, to:

Office of Information and Privacy
United States Department of Justice
10th Street and Constitution Avenue, N.W.
Room 7238
Washington, D.C.  20530

Both the envelope and letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records are located; or in the District of Columbia.

Sincerely,

John F. Boseker
Attorney-in-Charge
FOIA/PA Unit

Enclosure(s)

I have been advised by the Assistant United States
Attorney's office for the District of New Hampshire that prior to
the criminal trial, you were provided with all of the appropriate
crimanal discovery.  **A vast majority of the records were produced
to the court _in camera_** and the District court ruled that you
were not entitled to that information.  The issue was appealed to
the First Circuit Court of Appeals and, after two remand
hearings, the First Circuit recently affirmed the Court's ruling
of nondisclosure.

Form No. 021A - 12/94

TO: OFFICE OF INFORMATION AND PRIVACY    FROM: WILLIAM F. KENNEY
    UNITED STATES DEPARTMENT OF JUSTICE        REG. #00984-049
    10TH STREET AND CONSTITUTION AVENUE, N.W.    P.O. BOX 1000
            ROOM 7238                    LEWISBURG, PA
    WASHINGTON, D.C. 20530                    17837

RE: FREEDOM OF INFORMATION ACT/PRIVACY ACT APPEAL

                                            JANUARY 17, 1997

Dear Director,

    I am in receipt of Ms. Bonnie Gay's letter dated Dec. 20, 1997
answering my FREEDOM OF INFORMATION ACT/PRIVACY ACT request dated
JUne 20, 1996. In her letter she informed me that she is granting
me a partial request. The exemptions that she notified me that
apply to my case are: (b)(3)F.R.A.P.16
                    (b)(7)(A)
                    (j)(2)
    She mentioned in her letter that all other records that are
not exempt can be obtained from the Clerk of the court or her office,
upon specific request. There seems to be some confusion as to what
records are in fact exempt from disclosure so I am specifically
asking in this Appeal that you provide me with a thorough index
of all records that are not exempt so that I can specifically make
my request of all records that are available to me. Ms. Gay notified
me in the enclosure at the bottom of the second page of her letter
that she "She has been advised by the Assistant United States
Attorney's office for the District of New Hampshire that prior to
the Criminal trial, I was provided with all of the appropriate
Criminal Discovery. A vast majority of the records were produced
to the court in Camera and the District Court ruled that I was
not entitled to that information. The issue was appealed to the
First Circuit ofAppeals and, after two remand hearings, The First
Circuit recently affirmed Court's ruling of nondisclosure."
    What I read from her enclosure is that her agency is saying that
because my trial judge denied me proper discovery that that is the
final say in the matter of disclosure. It is ill received and shows
bad faith on her behalf. In NORTH V. WALSH, 881 F2d 1088, 1097(D.C.CIR.
1989) the Court held "The fact that a defendant in an ongoing
Criminal proceeding may obtain documents via FOIA that he could
not procure through Discovery, or at least before he could obtain
them through Discovery, does not in and of itself constitute
interference with a law enforcement proceeding. Rather, the Government
must show that disclosure of the documents would, in some particular,
Discernable way, disrupt, impede, or otherwise harm the enforcement
proceeding." North Supra. My request under FOIA is a totally seperate
proceeding to my criminal case and it is not in any way interfering
with any law enforcement proceeding because my conviction has been
affirmed as she has quoted in her enclosure.

(1)

GOVERNMENT EXHIBIT
E

PLease waive copying fees for the documents or in the alternative
send **all** original documents to the Warden and I will reveiw them
in his presense **in Camera** which is my right to reveiw all the
Documents in original form.
  Please provide me with a response within the 20 days required
by law.A judicial remedy will be sought if I do not hear a response
in a timely fashion.I thank you in advance for your time and con-
sideration.

*William Kenney*
WILLIAM F. KENNEY
#00984-049
P.O. BOX 1000
Lewisburg,PA 17837

Certificate of Service

I, William F. Kenney, herBy certify under the penalty of
perjury, That I have mailed a copy of the Forementioned
Letter to; Director, Office of Information and Privacy,
United States Department of Justice, 10th Street and
Constitution Avenue, NW. Room 7238, Washington, D.C. 20530,
This Day 17 of January, 1997.

*William Kenney*
William F. Kenney



OFFICE OF INFORMATION
AND PRIVACY

JAN 2 0 1997

RECEIVED

(2)



**U.S. Department of Justice**

**Office of Information and Privacy**

_Telephone:  (202) 514-3642_                  _Washington, D.C. 20530_

February 4, 1997

Mr. William F. Kenney
Register No. 00984-049
P.O. Box 1000
Lewisburg, PA  17837

     Re:  Request No. 96-1662

Dear Mr. Kenney:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 29, 1997.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **97-0358**.  Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Drema A. Hanshaw
               Paralegal Specialist



GOVERNMENT
EXHIBIT

EOUSA



**U.S. Departme᠁ of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

AUG 1 2 1997

Requester: KENNY, WILLIAM F. Request Number: 96-1591

Subject of Request: SELF

Dear Requester:

Your request for records under the Freedom of Information Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorney's offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and/or the Privacy Act, we have considered your request in light of the provisions of both laws. If applicable, excisions have been made to protect information exempt from disclosure and, the exemptions have been cited at the bottom of each page. The exemption(s) cited for withholding information from the requested records are marked below. An enclosure to this letter explains the exemptions in more detail. This letter is a [ ] partial [x] full denial.
Records were sealed by the Court.

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [x] (b)(7)(C) | [x] (j)(2) |
| [ ] (b)(2) | [x] (b)(6) | [x] (b)(7)(D) | [ ] (k)(2) |
| [ ] (b)(3)_____ | [x] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(5) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [x] (b)(7)(F) | _____ |

[x]  A review of the material revealed documents which:

[ ] originated with another Government component. These documents(s) were referred to the component(s) listed on the next page for review and direct response to you.

[x] are public records which may be obtained from the Clerk of the Court or from this office, upon specific request, subject to copying fees.

Form No. 021 - 5/95

**GOVERNMENT EXHIBIT**

-2-

[x] See additional information below.

[ ]   The processing of your request has resulted in a fee
for copying and/or search costs.  Please submit $_____,
payable to the Treasury of the United States, in the form of a
certified check or money order, within thirty days.  Mail it to
the Freedom of Information Act Unit, 600 E Street, N.W., Room
7100, Washington, D.C.  20530.

This is the final action this office will take on this
matter.

You may appeal my decision to withhold records in this
matter by writing within 30 days, to:

                Office of Information and Privacy
              United States Department of Justice
                  Flag Building, Suite 570
                  Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records are located; or in the District of Columbia.

                              Sincerely,

                              Bonnie L. Gay
                              Acting Asssistant Director
                              FOIA/PA Unit

Enclosure(s)

_____

_____

_____

_____

_____

97-3217

EOUSA
no rec 8/12/97

FOIA/PA Appeal

William F. Kenney Jr.
Reg # 00984-049
P.O. Box 1000
Lewisburg, PA
17837

Manager
Office of Information and Privacy
United States Department of Justice    September 11, 1997
Flag Building, Suite 570
Washington, D.C. 20530

RE: FOIA/PA Appeal of Denial of Request #96-1591

This Letter will serve as an Appeal of a Denial by the Executive Office of the United States Attorney of my request for records Dated June 20, 1996. I vigorously appeal the Denial by the Acting Assistant Director of the FOIA/PA of the EOUSA, Bonnie L. Gay.

OFFICE OF INFORMATION
AND PRIVACY

SEP 19 1997

RECEIVED

Sincerly,
William Kenny

app  William F. Kenney

GOVERNMENT
EXHIBIT
PENGAD-Bayonne, N. J.

# Certificate of Service

I, William F. Kenney Jr., Do hereby Swear and Certify under The Pains and Penalties of Perjury That I have Sent My Appeal Letter of a Denial by The Executive Office of The U.S. Attorney's FOIA/P UNIT Acting Assistant Director, Bonnie L. Gay, To:

> Director
> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C. 20530

by mailing same Via First-Class, with pre-paid Stamps and placing in The Institutional Legal MailBox pursuant To The Mailing Standards Set Forth under Houston V. Lack, 487 U.S. 266 (1988), Cooper V. Brookshire, 70 F3d. 377 (5Th Cir. 1995), Caldwell V. Amend, 30 F3d 1199, (9Th Cir. 1994), From the Lewisburg Penitentiary on This 11th Day of September 1997.

Executed on This 11th Day of September 1997

William F. Kenney Jr.





**U.S. Department of Justice**

**Office of Information and Privacy**

EOUSA/FOIA/PA

97 NOV -3 P 12: 37

*Noted by URf.*

Telephone: (202) 514-3642        *Washington, D.C. 20530*

OCT 3 1 1997

Mr. William F. Kenney
Register No. 00984-049
P.O. Box 1000                Re:  Appeal No. 97-3217
Lewisburg, PA  17837              RLH:DAH:NSD

Dear Mr. Kenney:

    You appealed from the action of the Executive Office for
United States Attorneys on your request for access to records
pertaining to yourself.

    You were advised by the EOUSA on August 12, 1997, that no
▓▓▓▓▓▓ responsive to your request could be located in the
indices of that Office.  It has been determined by my staff that
its response was ▓▓▓▓▓▓▓  Inasmuch as appeals can be taken only
from denials of access to records which exist and can be located
in Department of Justice files, I am closing your appeal file in
this Office.

    If you consider my response to be a denial of your appeal,
you may seek judicial review in the United States District Court
for the judicial district in which you reside, or in the District
of Columbia, which is also where the search was conducted for the
records you seek.

                        Sincerely,


                        Richard L. Huff
                        Co-Director



GOVERNMENT
EXHIBIT
I

*Reg.# 96-159*
EOUSA

EOUSA/FOIA/PA

99 APR -5 AM 11:43

William F. Kenney, Jr.
Reg.# 00984-049
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Director
Executive Office for U.S. Attorney
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, D.C. 20530

March 30, 1999

Re: <u>**Request Numbers 96-1959 and 96-1591 for FOI/PA Request**</u>

Dear Director,

        I am writing you this letter in regards to my FOIA/PA
requests that I have previously filed with your agency. The
responses that I received from your agency indicated on the bottom
of the front page for each letter that "A review of the material
revealed documents which:

        [x] are public records which may be obtained from the Clerk
of the court or from this office, upon specific request, subject
to a copying fee."

        I have enclosed both of those responses to assist you in
your review of those documents without having to search for them.
I now respectfully request that your agency provide me with all
of the records that your agency deems to be public. I respectfully
state that that is my "specific request" as stated in the last
paragraph of both responses from your agency. I agree to pay all
of the copying costs associated with producing those records and
items.
        Please provide me with those materials at your earliest
possible convenience. I am eagerly awaiting your earliest possible
response, I thank you in advance for your time and consideration
in this matter.

                                    Very truly yours,

                                    William F. Kenney, Jr.

cc: File 3/30/99



GOVERNMENT
EXHIBIT
___

PA
EOUSA

99-5855

**FREEDOM OF INFORMATION ACT/PRIVACY ACT APPEAL**

OFFICE OF INFORMATION
AND PRIVACY

JUN 29 1999

**RECEIVED**

William F. Kenney, Jr.
Reg.# 00984-049
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Co-Director
Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530-0001        June 9, 1999

          Request Number: **99-985**
          Requester: **William F. Kenney**   -App

Dear Sir/Madam,

        This is an appeal under the Freedom of Information Act/
Privacy Act, 6 U.S.C. § 552(a).
        In a letter dated March 30, 1999, I requested that the
Executive Office for the United States Attorney furnish me with
all records that they previously deemed to be public according
to their responses to my prior FOIA/PA requests. These documents
are attached hereto as Exhibits #1 and #2. (Please refer to the
bottom of each document dated December 20, 1996 and August 12, 1997
respectively) My letter of March 30, 1999, is also attached as
Exhibit #3.
        In a letter dated May 6, 1999, Bonnie L. Gay, Senior Counsel
for Douglas N. Frazier, Acting Assistant Director for the
Executive Office's FOIA/PA Unit, notified me that my request
has been received by the EOUSA and that it will be processed.
They further notified me that if my request is deemed to be a
"Project Request" then it will take 9 months for them to process
the requested materials. Please find May 9, 1999 letter of Bonnie
L. Gay attached as Exhibit #4. They deem requests labeled "Project
Requests" to be requests for "all information about myself in
criminal case files". I requested all records that are deemed
to be public that are contained within my criminal case file
in the case entitled **United States v. Charles Flynn, A.K.A. "Chucky"
et al**. I do not agree that this request is a request for "all
information about myself in criminal case files" if that is what
Bonnie L. Gay has determined.
        I respectfully request for your agency to order the release
of all records, items and information that are deemed to be public
in the case entitled above. This is not a "Project Request" so
therefore the records should be processed at once.
        I am fully prepared to file for a Judicial remedy should
I receive an adverse determination from your agency after the

-1-

**GOVERNMENT
EXHIBIT
K**

William F. Kenney, Jr.    <u>ADMINISTRATIVE APPEAL</u>
Page 2
June 9, 1999

60 day waiting period as required by the amended statute.
     I am eagerly awaiting your anticipated response, I thank
you in advance for your expeditious response. I hope that we can
resolve this matter amicably without the waste of time and
money for both your agency and myself. Thank you very much.


                                   Very truly yours,


                                   William F. Kenney, Jr.


cc: FOIA/PA Civil Complaint File

Exhibit #1



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

2ᵒ

Requester:**Mr. William F.Kenney**   Request Number:**96- 1959**

Subject of Request: **Specified records in relation to U.S. v. Charles "Chucky" Flynn et al.**

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [X] partial [ ] full denial.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

|              Section 552              |                  |                     | Section 552a    |
|---------------------------|-----------------|----------------|----------------|
| [ ] (b)(1)                | [ ] (b)(4)      | [ ] (b)(7)(B)  | [X] (j)(2)     |
| [ ] (b)(2)                | [ ] (b)(5)      | [ ] (b)(7)(C)  | [ ] (k)(2)     |
| [X] (b)(3)                | [ ] (b)(6)      | [ ] (b)(7)(D)  | [ ] (k)(5)     |
|                           | [X] (b)(7)(A)   | [ ] (b)(7)(E)  | [ ](k)(6)      |

[ ] originated with another government component. These records were referred to the component(s) listed on the next page for review and direct response to you.

[X] are public records which may be obtained from the clerk of the court or this office, upon specific request.

Form No. 021 - 4/95

-2-

[X]    See additional information below.

[ ] A $_____ copying, $_____ search, and/or $_____
review fee is being assessed for the processing of your request.
Please send a certified check or money order for $_____,
payable to the Treasury of the United States, within thirty
Payment should be mailed to the Freedom of Information
Act/Privacy Act Unit, Room 7100, BICN Bldg., Washington, DC
20530.

This is the final action this office will take concerning
your request.

You may appeal my decision to withhold records in this
matter by writing within 30 days, to:

Office of Information and Privacy
United States Department of Justice
10th Street and Constitution Avenue, N.W.
Room 7238
Washington, D.C.  20530

Both the envelope and letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records are located; or in the District of Columbia.

Sincerely,

John F. Boseker
Attorney-in-Charge
FOIA/PA Unit

Enclosure(s)

I have been advised by the Assistant United States
Attorney's office for the District of New Hampshire that prior to
the criminal trial, you were provided with all of the appropriate
crimanal discovery.  A vast majority of the records were produced
to the court in camera  and the District court ruled that you
were not entitled to that information.  The issue was appealed to
the First Circuit Court of Appeals and, after two remand
hearings, the First Circuit recently affirmed the Court's ruling
of nondisclosure.



U.S. Department of Justice     Exhibit #2

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Requester: KENNY, WILLIAM F. Request Number: 96-1591

Subject of Request: SELF

Dear Requester:

Your request for records under the Freedom of Information
Act has been processed. This letter constitutes a reply from the
Executive Office for United States Attorneys, the official
recordkeeper for all records located in this office and the
various United States Attorney's offices.

To provide you the greatest degree of access authorized by
the Freedom of Information Act and/or the Privacy Act, we have
considered your request in light of the provisions of both laws.
If applicable, excisions have been made to protect information
exempt from disclosure and, the exemptions have been cited at the
bottom of each page. The exemption(s) cited for withholding
information from the requested records are marked below. An
enclosure to this letter explains the exemptions in more detail.
This letter is a [ ] partial [x] full denial.
Records were sealed by the Court.

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [x] (b)(7)(C) | [x] (j)(2) |
| [ ] (b)(2) | [x] (b)(6) | [x] (b)(7)(D) | [ ] (k)(2) |
| [ ] (b)(3)_____ | [x] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(5) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [x] (b)(7)(F) | _____ |

[x]  A review of the material revealed documents which:

[ ] originated with another Government component. These
documents(s) were referred to the component(s) listed on the next
page for review and direct response to you.

[x] are public records which may be obtained from the Clerk
of the Court or from this office, upon specific request, subject
to copying fees.

Form No. 021 - 5/95

-2-

[x] See additional information below.

[ ]  The processing of your request has resulted in a fee for copying and/or search costs.  Please submit $_____, payable to the Treasury of the United States, in the form of a certified check or money order, within thirty days.  Mail it to the Freedom of Information Act Unit, 600 E Street, N.W., Room 7100, Washington, D.C.  20530.

This is the final action this office will take on this matter.

You may appeal my decision to withhold records in this matter by writing within 30 days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Bonnie L. Gay
Acting Asssistant Director
FOIA/PA Unit

Enclosure(s)

_____

_____

_____

_____

_____

Form No. 021 - 5/95

Exhibit #3

William F. Kenney, Jr.
Reg.# 00984-049
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

Director
Executive Office for U.S. Attorney
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7100
Washington, D.C. 20530                    March 30, 1999

Re: **Request Numbers 96-1959 and 96-1591 for FOI/PA Request**

Dear Director,

    I am writing you this letter in regards to my FOIA/PA requests that I have previously filed with your agency. The responses that I received from your agency indicated on the bottom of the front page for each letter that "A review of the material revealed documents which:

    [x] are public records which may be obtained from the Clerk of the court or from this office, upon specific request, subject to a copying fee."

    I have enclosed both of those responses to assist you in your review of those documents without having to search for them. I now respectfully request that your agency provide me with all of the records that your agency deems to be public. I respectfully state that that is my "specific request" as stated in the last paragraph of both responses from your agency. I agree to pay all of the copying costs associated with producing those records and items.
    Please provide me with those materials at your earliest possible convenience. I am eagerly awaiting your earliest possible response, I thank you in advance for your time and consideration in this matter.

                                    Very truly yours,

                                    William F. Kenney, Jr.

cc: File 3/30/99

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

MAY   6

Request Number:_99-985_____

Requester:_William F. Kenney_____

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  <u>Please give us this number if you write about your request</u>.  If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days).  There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c).

                    Sincerely,

                    *Bonnie L. Gay*

                    Bonnie L. Gay
                    Senior Counsel for
                    Douglas N. Frazier
                    Acting Assistant Director
                    FOIA/PA Unit

U.S. Department

Office of Information and Privacy

96-1

*untd Str*

*Telephone: (202) 514-3642*

EOUSA/FOIA/PA

99 JUL -2   12: 33

*Washington, D.C. 20530*

JUN 29 1999

Mr. William F. Kenney
Register No. 00984-049
United States Penitentiary
Post Office Box 1000
Lewisburg, PA  17837

Re:  Appeal No. 97-0358
     RLH:MAP:ERW

Dear Mr. Kenney:

    You appealed from the action of the Executive Office for
United States Attorneys on your request for access to records
pertaining to yourself.

    The EOUSA has advised me that although Exemption 7(A),
5 U.S.C. § 552(b)(7)(A), which pertains to records or information
compiled for law enforcement purposes, the release of which could
reasonably be expected to interfere with enforcement proceedings,
was appropriate at the time the initial determination was made in
this case, circumstances have changed.  Accordingly, Exemption
7(A) is no longer applicable to withhold the requested records in
their entireties.  In light of these changed circumstances, the
EOUSA has agreed to further process the records that you have
requested.  Those records that can be released will be made
available to you directly by the EOUSA.  If you are dissatisfied
with the ultimate action taken on these records, you may appeal
again to this Office.

    Inasmuch as my action on your appeal does not constitute
to a complete grant of access, I am required by statute and
departmental regulations to advise you of your right to judicial
review.  Such review is available to you in the United States
District Court for the judicial district in which you reside, or
in the District of Columbia, or in the District of New Hampshire,
which is where the records you seek are located.

                    Sincerely,


                    Richard L. Huff
                    Co-Director



GOVERNMENT
EXHIBIT

L





U.S. Department of Justice

Office of Information and Privacy

---

Telephone: (202) 514-3642                     Washington, D.C. 20530

JAN 11 2000

Mr. William F. Kenney, Jr.
Register No. 00984-049
United States Penitentiary          Re:  Appeal Nos. 97-0358
Post Office Box 1000                     and 99-3855
Lewisburg, PA  17837                     RLH:CSH:BNB

Dear Mr. Kenney:

     This responds to your letters of June 9, 1999, and October
1, 1999, in which you sought to appeal from the failure of the
Executive Office for United States Attorneys to respond to your
request for access to records pertaining to yourself.

     I have been notified by the EOUSA that it has not yet
completed processing your request.  Although the Freedom of
Information Act authorizes you to treat the failure of a
component to act on your request within the specified time limit
as a denial thereof, this Office, because it lacks the personnel
resources to conduct the record reviews that are necessary to
make initial determinations on requests for records, cannot act
until there has been an initial determination by the EOUSA.  Our
function is limited to the review of those records to which
access is in fact denied.  You may appeal again to this Office
when the EOUSA completes its action on this particular request if
any of the material is denied.  We will then open a new appeal
and review the component's substantive action on your request.

     In the event that the EOUSA still has not responded to your
request at the time you receive this letter, you may, if you
choose, treat our letter as a denial of this appeal and bring
action in an appropriate federal court.  We hope that, in making
a decision, you will give sympathetic consideration to the fact
that the Department of Justice has many requests pending at this
time and is making every possible, reasonable effort to process
them.

                              Sincerely,


                              Richard L. Huff
                              Co-Director



GOVERNMENT
EXHIBIT
M



**U.S. Departn. ₰of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7100, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                        *FAX (202) 616-6478*
*Washington, DC 20530*

Dear Mr. William F. Kenney          Case No: # 99-985          0 5 MAY 2000

In searching for documents responsive to your FOIA/PA request, our office has located nine boxes of "non-public" records which contain material that may be responsive to your request. Due to the large volume of records potentially responsive to your request, we estimate that this non-public material will take two months to process for release to you. If you wish to accelerate the time in which you receive the non-public documents, you may reformulate or narrow your request. If you decide to narrow your request, please advise us in writing within 20 days. If we do not hear from you within 20 days, we will begin processing the nine boxes of non-public records.

In previous correspondence, we notified you that in order to receive public, court-filed records from our office, you would need to make a specific request and promise to pay for the court-filed, public documents. Accordingly, you notified us that you agreed to pay for the public, court-filed documents.

Our office has located approximately 11,900 pages of public, court-filed documents. Duplication fees are $.10 per page. If you still wish for our office to provide you with these public documents, please send an advance payment of $1,190.00 pursuant to 28 CFR 16.11 (i) which governs advance payments for amounts over $250.00.

The advance payment of $1,190.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request for public records. **Please indicate on the face of the check the above request number and mail it to the above address.** If we do not receive payment within 20 days, we will assume that you do not want the public records.

Sincerely,

Suzanne Little
Assistant Director
FOIA/PA Unit



William F. Kenney, Jr.
Reg.# 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Suzanne Little
Assistant Director
FOIA/PA Unit
Executive Office for United States
 Attorneys
Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, D.C. 20530                    May 12, 2000

        Re: Case No: #99-985

Dear Suzanne Little,

        I am writing you in regards to your undated letter which was
received by me last week and with a post mark of May 3, 2000. Your
letter addressed both my request for public, court-filed, documents
and my request for records that you titled "non-public". You
have determined that your office has located nine boxes of "non-
public" records which contain material that may be responsive to
my request. You further notified me that if you do not hear from
me within 20 days, you will begin processing the nine boxes of
non-public records. I have waited very patiently for your office
to process my FOIA request and feel that maybe there has been some
foot-dragging to delay the release of any of the requested materials,
I hope not but that is the way that it seems. In furtherance of the
nine boxes of "non-public" records, I have numerous Privacy Waivers/
Declarations/ Certificate of Identity waivers from people that are
mentioned within the withheld material that is yet to be processed.
I will be submitting those very shortly to your office to process
with the still withheld records and information. (See attached as
Exhibit A your undated letter)

        The second request deals with public, court-filed, documents.
Your office has located approximately 11,900 pages. You have
determined that duplication fees are $.10 per page, which comes to
approximately $1,190.00 for the records. I would like to narrow
my request for the public, court-filed, documents. In particular,
I respectfully request for your office to exclude from that
calculation all trial and hearing transcripts. I already have most
of those and don't feel any need for them. Please provide me with
a new estimate for the remaining records and materials that are
public and court-filed. When you do, I will give you an indication
of whether or not they are still desired. Your help and assistance
in this matter is very much appreciated.

        I am eagerly awaiting your earliest possible response, I thank
you in advance for your time and consideration in this matter.

                                        Very truly yours,

                                        William F. Kenney, Jr.

cc: File

GOVERNMENT
EXHIBIT
C

*/11*

**Certified Mail #:**                  William Francis Kenney, Jr.
**7099 3220 0007 0782 6268**          Reg.# 00984-049
**Return Receipt Requested**          U.S. Penitentiary          *Fee*
                                       P.O. Box 1000              *Htr*
Suzanne Little                         Lewisburg, PA 17837
Assistant Director
FOIA/PA Unit
Executive Office for the United
  States Attorneys
Suite 7100, Bicentennial Building
600 E. Street, N.W.
Washington, D.C. 20530                 June 7, 2000

          Re: Case No: #99-985

Dear Ms. Suzanne Little,

     I am writing you in regards to your undated letter received
by  me   with a post mark of May 3, 2000, and my May 12, 2000,
letter asking for a recalculation of the publically available
court filed documents. I informed you in my May 12th letter that
I have numerous Privacy Waivers/Declarations/Certificate of
Identity waivers from people that are mentioned or are believed
to be mentioned within the still withheld records and information
in the possession of your agency. You notified me that you have
located approximately 9 boxes of material that you deemed "non-
public" and that if you did not hear from me within 20 days you
would begin to process those records. In furtherance of my FOIA/PA
request for records and information I am submitting those waivers.
Should your agency determine that any of the persons permitting
me to obtain their records and information are not mentioned in
the 9 boxes of "non-public" records, I respectfully request for
your agency to process those on my behalf as FOIA/PA requests. I
am seeking all records and information that pertain to all of
the people listed below as follows:

  1) **Richard Joseph Ferguson, Jr.**
     **Current Address: Room 524-320 First Street, N.W., Washington,**
     **D.C. 20534**
     **Date of Birth:** ███████████████
     **Place of Birth: Boston, Massachusetts**
     **Social Security #:** ████████████
(Certification of Identity & Privacy Waiver attached hereto)

  2) **Brian John Raineri, Sr.**
     **Current Address: 521 Andover St., Lawrence, MA 01843**
     **Date of Birth:** ███████████████
     **Place of Birth: Lawrence, Massachusetts**
     **Social Security #:** ████████████
(Certification of Identity & Privacy Waiver attached hereto)

GOVERNMENT
EXHIBIT
P

-1-

William Francis Kenney, Jr. Case No: #99-985
June 7, 2000
Page 2 of 4

   3) Tanya Marie Ferguson
      Current Address: 3807 Madison Street, Riverside, California
      92804
      Date of Birth: ████████████
      Place of Birth: Boston. Massachusetts
      Social Security #: ██████████
(Certification of Identity & Privacy Waiver attached hereto)

   4) Patricia Mary Ferguson
      Current Address: 3807 Madison St., Riverside, California
      92804
      Date of Birth: ███████████████
      ████████ Boston. Massachusetts
      Social Security #: ██████████
(Certification of Identity & Privacy Waiver attached hereto)

   5) Gary Patrick Neal
      Current Address: 33 Fulkerson St., Cambridge, MA 02141
      Date of Birth: ██████████
      Place of Birth: Christopher. Illinois
      Social Security #: ████████
      ███████████████ ity & Privacy Waiver attached hereto)

   6) Gerard Patrick O'Keefe, Jr.
      Current Address: 9 Flynn Way. Wilmington, MA 1887
      Date of Birth: ███████
      Place of Birth: Winchester. Massachusetts
      Social Security #: ████████████
(Certification of Identity & Privacy Waiver attached hereto)

   7) Gaetano "Gussy" Cavallaro
      Current Address: 39 Lewis Street. Everett, MA 02149
      Date of Birth: █████████████
      Place of Birth: Cambridge. Massachusetts
      Social Security #: ██████████
      ███████████ & Privacy Waiver attached hereto)

   8) Linda/Lynda Ellen DeCarlo
      Current Address: 405 Silverwood Ave. Apt. B, Upland, CA 91786
      Date of Birth: ███████████████
      ████████ Brockton. Massachusetts
      Social Security ████████ 5
(Certification of Identity & Privacy Waiver attached hereto)

   9) Stanley Yassen
      Current Address: 17 High St.. Apt.#5, Whitefield, N.H. 03598
      Date of Birth: ███████
      Place of Birth: Boston. Massachusetts
      Social Security #: ██████████
(Certification of Identity & Privacy Waiver attached hereto)

William Francis Kenney, Jr. Case No: #99-985
June 7, 2000
Page 3 of 4

  10) Geraldine Dietz Yassen
      Current Address: 17 High St., Apt.#5, Whitefield, N.H. 03598
      Date of Birth: █████
      Place of Birth: Newark, New Jersey
      Social Security #: █████
(Certification of Identity & Privacy Waiver attached hereto)

  11) Bruce T. Raineri
      Current Address: F.C.I. Ray Brook, P.O. Box 9006, Ray Brook,
      New York 12977
      Date of Birth: ████ █████
      Place of Birth: Lawrence, Massachusetts
      Social Security #: █████
(Certification of Identity & Privacy Waiver attached hereto)

  12) Ronald Patrick Fitzgerald
      Current Address: 20 Farina Road, Hull, Massachusetts 02045
      Date of Birth: █████
      Place of Birth: Boston (Dorchester), Massachusetts
      Social Security #: █████
(Certification of Identity & Privacy Waiver attached hereto)

  13) Robert Francis Ferguson, Jr.
      Current Address: Deceased-Died April 4, 1994
      Date of Birth: ████ █████
      Place of Birth: Somerville, Massachusetts
      Social Security #: █████ 7
(Copy of Death Certificate attached hereto)

  14) Charles George Petralia
      Current Address: Deceased-Died February 9, 1992
      Date of Birth: █████
      Place of Birth: Clovis, New Mexico
      Social Security #: █████
(Copy of Death Certificate attached hereto)

  15) Charles John Flynn
      Current Address: U.S. Penitentiary, P.O. Box 1000, Lewisburg,
      Pennsylvania, 17837
      Date of Birth: █████
      ████ Birth: Wilmington, Massachusetts
      Social Security #: █████
(Privacy Waiver attached hereto)

      In addition to all of the named people above, I respectfully
request that you process the records that name my aliases also
which can be several of the following: Jackie O'Neal, Bobby O'Neal,
Bobby and/or Robert Foote, Robert and/or Bobby Ferguson.
      Should you have any questions about the authenticity of the
waivers of all of the individuals named herein, I invite you to

William Francis Kenney, Jr.   Case No: #99-985
June 7, 2000
Page 4 of 4

contact each and every one of them by way of the address of each
person in their privacy waver/certification of identity forms.
I can assure you that each one is authentic from the actual person
named therein and that they specifically gave me their absolute
permission to receive all of their information and records from your
agency and others. Pursuant to the decision of the D.C. Court of
Appeals [**Summers v. U.S. Dept. of Justice, 999 F.2d 570 (D.C. Cir.
1993)**] you are required by law to accept the privacy waivers of the
individuals who provided them to me because they are sworn to under
the penalty of perjury (28 U.S.C. § 1746).
     Should I receive no records and information from your agency
within 30 days, I will proceed to file a Complaint for Declaratory
and Injunctive Relief within the Federal District Court for the
District of Columbia, with your agency being named as one of the
defendants.
     I am eagerly awaiting your earliest possible response, I thank
you in advance for your time and consideration in this matter.

                                        Very truly yours,

                                        William Francis Kenney, Jr.

I, William Francis Kenney, Jr., do hereby swear and declare under
the penalty of perjury (28 U.S.C. § 1746) that I have obtained all
of the above mentioned individuals' permission by way of Privacy
Waivers, Declarations and Certification of Identity to receive all
of their information and records from your agency and others. I
further swear under the penalty of perjury (28 U.S.C. § 1746) that
all of the foregoing is true and **correct to the best of my belief**
and knowledge.

Executed on this 7th day of June, 2000.

                                        William Francis Kenney, Jr.

Attachments: Privacy Waivers/Declarations/Certification of Identity
             Forms; Letter of Suzanne Little post marked May 3, 2000;
             My letter of May 12, 2000

cc: FOIA Civil Complaint File

-4-

**GOVERNMENT EXHIBIT**

Certified Mail #:
7099 3400 0006 4500 0625

William Francis Kenney, Jr.
Reg.# 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Suzanne Little
Assistant Director
FOIA/PA Unit
Executive Office for United States
 Attorneys
Suite 7100, Bicentennial Building
600 E. Street, N.W.
Washington, D.C. 20530

September 17, 2000

Re: Case No: #99-985-FOIA/PA Request

Dear Ms. Suzanne Little,

I am writing you in regards to my previously mailed letters of
May 12, 2000 and June 7, 2000. In regards to my letter of June 7,
2000, I am respectfully requesting for your agency to process
the records and information pertaining to:

Bernard Grossberg
Social Security #: ████████5
Date of Birth: ████████
Place of Birth: Fayetville, North Carolina
Current Address: 99 Summer St., Suite 1620
 Boston, MA 02118

(An Original of Both His Privacy Waiver and Certification of Identity
are attached hereto)
 In regards to my letter of May 12, 2000, in response to your
letter post marked May 3, 2000 (a copy of of both are attached
hereto for reference), I requested that your agency give me a new
calculation for the public, court filed documents that I am seeking.
In your May 3, 2000, letter you gave me an estimate of approximately
11,900 pages of public, court filed documents as being available.
In my May 12, 2000, letter I asked that you recalculate the amount
of materials minus all hearing and trial transcripts. I then stated
that when you provide me with a new calculation I will notify
your agency if I still desired the materials. I still would like
to receive those publically, court filed documents. Please look
into this matter and determine what is causing this delay in giving
me a new estimate.
 Furthermore, I respectfully request for your agency to give
me an estimate of how much more time your agency needs to process
the nine (9) boxes of "non-public" records of information and
records that you refer to in your May 3, 2000, letter. Any and all
assistance that you may render me in this matter would be deeply
appreciated. Thank you once again for your time and patience in
this matter.

Very truly yours,

William Francis Kenney, Jr.

Attachments: Bernard Grossberg's Privacy Waiver and Certification of
Identity.
cc: FOIA/PA Civil Complaint File



## FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

**Certified Mail #:**
**7099 3220 0007 0782 5001**
**Return Receipt Requested**

William Francis Kenney, Jr.
Reg. # 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Suzanne Little
Executive Office for United States
 Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530

February 16, 2001

Re: Certification of Identity/Privacy Waivers of:

Glenn R. Kerivan
Social Security #: ███████

**Place of Birth: Arlington, Massachusetts**
**Current Address: 34 Webcowet Road, MA 02474**

Pursuant to the Freedom of Information Act and the Privacy Act, Title 5 U.S.C. §§ 552 and 552a, and all other relevant sections and parts thereof I, William Francis Kenney, Jr., Social Security ███ ██████████████████ Massachusetts, do hereby respectfully request a **Copy and/or Facsimile** of all:

302s, 209s, Police Reports, Electronic Surveillance (ELSUR), Notes, Search Warrants, Affidavits in Support of Search Warrants, Documents, Papers, Files, "Tickler Files", FBI Reports, New Hampshire State Police Reports, Local Police Reports, "Inserts", Lead Sheets, Suspect Reports, Malden, Massachusetts Police Reports, Saugus Massachusetts Police Reports, FBI Crime Lab Reports, New Hampshire State Police Crime Lab Reports, U.S. Marshal Reports, U.S. Attorney Reports and Files and All Other Miscellaneous Items and Information Regardless of Physical Form or Characteristic relating to: Mr. Glenn R. Kerivan as identified above and me, William F. Kenney, Jr. and my previous Freedom of Information Act/Privacy Act request of June 20, 1996. In addition, I respectfully request that you process Mr. Kerivan's Privacy Waivers together with the previously mailed privacy waivers that I sent to your agency when you notified me in May, 2000, that you had approximately 9 boxes of "non-public" records pertaining and relating to my FOIA/PA request and relate to the case of **United States v. Charles Flynn et al.** which was prosecuted in the Federal District of New Hampshire in 1992. There are approximately 18 people that I asked for all information and records of, with 16 of them providing me with Certification of Identitys and Privacy Waivers explicitly granting me permission to receive their records and information. Please process Mr. Kerivan's materials in the 9 boxes of "non-public" records that you are in the process of disseminating for me at this moment.

## FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

William F. Kenney, Jr.
February 16, 2001
Page 2

The other 2 are deceased, Robert Ferguson and Charles Petralia, and therefore could not sign anything, but with their death I am entitled to their records and information.

Should I receive an adverse determination on this request I will file an administrative appeal to the Office of Information and Privacy and seek a Judicial remedy if necessary.

I agree to pay all fees and costs associated with the processing of this and all other FOIA/PA requests that are currently pending with your agency.

I expect to receive a determination within the 20 business days as mandated by the Acts. Thank you once again for your time and consideration in this matter.

Very truly yours,

William F. Kenney, Jr.

I, William Francis Kenney, Jr., do hereby swear under the penalty of perjury (28 U.S.C. § 1746) that I have obtained the express and explicit permission from Glenn R. Kerivan to receive all of his records and information from yours and another other agency that may have records and information that name, relate or pertain to him. I swear under penalty of perjury that I received these Certification of Identity/Privacy Waivers through the U.S. Mail and that Mr. Kerivan did in fact affix his signature to those documents that are enclosed along with this request.

Dated this 16th of February, 2001.

William Francis Kenney, Jr.

Attachements: Certification of Identity and Privacy Waiver of
              Glenn R. Kerivan.


cc: Freedom of Information/Privacy Act Civil Complaint File

TMJ

EOUSA/FOIA/PA

02 AUG 22 PM 4: 17

William F. Kenney, Jr.
Reg.No. 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Suzanne Little
Assistant Director FOIA/PA Unit
Executive Office for United States Attorneys
Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, D.C. 20530

August 14, 2002

      Re: Case No: #99-985
         Request Numbers: 00-2366 through 00-2381 &
                    01-1129 through 01-1130

Dear Ms. Suzanne Little,

    I am writing to you concerning my Freedom of Information Act Requests that have been pending with your agency for some time now and I have not heard from your agency in over a year in regards to the processing of my and 20 other person's privacy waivers giving me express permission to receive their information from your agency.
    I am respectfully requesting an update as to the status of the processing of those FOIA requests along with the Privacy Waivers.
    I am eagerly awaiting your earliest possible response, I thank you in advance for your time and consideration in this matter.

                            Very Truly Yours,

                            William F. Kenney, Jr.

P.S. Additionally, I am respectfully requesting for your agency to give me a final estimate of the cost of the "Public, court-filed documents", minus all hearing and trial transcripts, that you stated are available in your undated but post marked letter of May 3, 2000. I have notified you in several letters dated May 12, 2000, June 7, 2000, September 17, 2000, November 14, 2000, February 16, 2001, of my interest in seeking those documents and am still and will always be interested in obtaining them. Please provide me with the estimate requested. Thank you very much.



GOVERNMENT
EXHIBIT
5
PENGAD-Bayonne, N.J.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax: 202-616-6478*

AUG 2 9 2002

Requester: William F. Kenney, Jr.

Request Number: 99-985 and 20 other files

Subject of Request: Self and third parties

Dear Requester:

This letter is written to inform you of the current status of your pending FOIA request for records. In order to process all requests as equitably as possible, this office has adopted a "first-in-first-out" policy of processing all incoming requests. Your request is being handled as equitably as possible and all records which can be released will be made available at the earliest possible date.

The following is the status of your request:

[X]  awaiting a response from the local U.S. Attorney's Office regarding the court-filed records

[ ]  response has been received and will be processed according to "first-in-first-out" policy

[ ]  being reviewed by attorney

If you have any concern or question, please feel free to call our office.

Sincerely,

*Tina Gapner*

Marie A. O'Rourke
Assistant Director

Form No. 46 - 6/02



DUPLICATE



**United States Dep ment of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                    *FAX (202) 616-6478*
*Washington, DC 20530*

**THIS IS NOT A BILL.  DO NOT SEND ANY MONEY AT THIS TIME.**


Request Number: 99-985 and third parties

                                        OCT   3 2002

Requester: William F. Kenney

Dear Mr. Kenney:

        We have received from the District of New Hampshire documents responsive to your FOIA/PA request.  In your letter of May 12, 2000 you asked for a further estimate of the costs associated with processing your revised request.  In addition to your original request for documents on yourself, you made requests for records of 18 third parties.  We have approximately 16,506 pages of records, not including court records on the subjects of your request.  We have 2,500 pages of court records, not including transcripts and hearings, which you indicated you did not want.  As we have previously informed you, we charge $.10 per page for pages released, after the first 100 pages, which are free. Clearly, the charges will exceed $25.

        In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees.  If you wish to reduce the amount of fees, you may reformulate your request.   Records identified for release after processing will not be released until payment has been received.

        In order for your request to be processed, we must hear from you within 20 days or we will close your request.  Please complete the attached form and return to the above address.  If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at 202-616-3450.

                                Sincerely,

                                LcS

                                Marie A. O'Rourke
                                Assistant Director


Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington D.C., 20530.

        Form No. 017p1 - 4/2000     **THIS IS NOT A BILL.  DO NOT SEND MONEY!**

GOVERNMENT EXHIBIT



Requester William F. Kenney                     Request Number 99-985

## CHOOSE ONE

____Please do not search any longer.  I wish to withdraw my request.

____I agree to pay the fees indicated above.

____I wish to reformulate my request in an attempt to reduce search fees.  Please limit my request to the
following documents, and notify me of any revised search fee amount._____

_____

_____

_____

_____


_____          _____
Name                                                              Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7100
Washington D.C., 20530

*Fee III*

*cc: SB*
*TMJ*

EOUSA/FOIA/P?
02 OCT 22 PM 3:

William F. Kenney, Jr.
Reg.No. 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Marie A. O'Rourke
Assistant Director
EOUSA/FOIA/PA Unit
BICN BLDG.,RM. 7300
600 E St., N.W.
Washington, D.C. 20530                              October 15, 2002

        **Request Number: 99-985 and Third Parties**

        **Requester: William F. Kenney**

Dear Marie A. O'Rourke,

        I am writing to you once again in regards to your letter
of October 3, 2002, in which I responded in a letter dated
October 9, 2002, (Letter attached hereto) requesting you to
reduce the amount of fees by reformulating my request. In my
October 9, 2002, I wrote to you and gave specific instances of
what I would like reduced from the 16,506 pages of records that
you say is available to me but I made a grave error by not
asking for additional reductions of documents that I do not
desire. I'll make this very brief and I wish for these additional
reformulations to be added to the items listed in my October
9, 2002 letter so that your agency can reduce the total
calculation of pages that I would like and give me a new estimate of
of the pages available:

        1) I am respectfully requesting to redact from the 16,506
pages all trial and hearing transcripts except all of Richard
J. Ferguson's sentencings that I have elaborated on in my Oct.
9, 2002, letter. I did not make myself very clear and misunderstood
the meaning of your October 3rd letter. I originally thought that
the trial and hearing transcripts would also be redacted from the
16,506 pages in the EOUSAs file but after reading your letter
again you make it clear that you only redacted them from the
publically court filed documents and I would like that also
applied to the 16,506 pages available to me.

        2) At this time I decline to request the publically court
filed documents. I will hold that request in abeyance until I
learn from your agency what the amount of records will be in the
16,506 page EOUSA file after all of the reductions that I have
requested.

        I hope that this clears up any confusion that I may have
caused by my failure to list the desired redactions in the 16,
506 page EOUSA file. I thank you once again for all of your time
and consideration in this matter and I hope to hear from you
soon.

                                        Very truly yours,

GOVERNMENT
EXHIBIT

cc: File                                William F. Kenney, Jr.

## FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

William Francis Kenney, Jr.
Reg.No. 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Marie A. O'Rourke
Assistant Director
EOUSA/FOIA/PA Unit
BICN BLDG., RM. 7300
600 E St., N.W.
Washington, D.C. 20530                    December 19, 2002

**Request Number: 99-985 and Third Parties**

**Requester: William F. Kenney, Jr.**

Dear Marie A. O'Rourke,

Please find attached a Death Certificate of my father, **William Francis Kenney, Sr.**, and I am respectfully requesting for your agency to process all of his records and materials along with my FOIA/PA request and along with the other Privacy Waivers submitted.

I am in the process of preparing a Complaint for Declaratory and Injunctive Relief against your agency and the Federal Bureau of Investigation. I have been very patient in waiting for your agency to prepare a reformulated calculation of the requested records and I have not received one to this date. If I do not receive a new calculation within 20 business days, I will file suit in the Federal District Court for the District of Columbia.

I thank you once again for your time and consideration in this matter.

Very truly yours,

William F. Kenney, Jr.

cc:



GOVERNMENT
EXHIBIT
W

*recd*
*1/27/03*

03-1237

## FREEDOM OF INFORMATION ACT APPEAL

FOIA/PA

(A)

EOUSA

                                        William F. Kenney, Jr.
                                        Reg.No. 00984-049
                                        U.S. Penitentiary
                                        P.O. Box 1000
                                        Lewisburg, PA 17837

Co-Director
Office of Information and Privacy
United States Department of Justice
FLAG Bldg., Suite 540, N.W.
Washington, D.C. 20530                   January 16, 2003

Routine

          Re: EOUSA Request #99-985 and Third Parties

          Requester: William F. Kenney, Jr.  *app*

Dear Co-Director of OIP,

          This is an appeal under the Freedom of Information Act, 5
U.S.C. Sec. 552(a).
          On June 20, 1996 and June 7, 2000, I requested documents
under the Freedom of Information Act from the Executive Office
for the United States Attorneys Office about me and 20 other
third parties with their express permission via Certification of
Identity waiver forms (Form DOJ-361) and sworn Privacy Waivers
under 28 U.S.C. § 1746.
          On October 3, 2002, Marie A. O'Rourke, Assistant Director
for EOUSA notified me that she has 16,506 pages of records on
the subjects of my request, including me. She asked for me to
contact her office within 20 days to notify her if I wished to
reformulate my request and I asked that she do that by excluding
from that calculation most of the trial and hearing transcripts
that are included in that calculation. To this day I have not
received a response from her office and wish to exhaust my
administrative remedies so that I may proceed with a FOIA
Complaint for Declaratory and Injunctive Relief in the Federal
District Court for the District of Columbia or the Federal
District Court for the District of New Hampshire, where my trial
was held in 1992.
          I respectfully request for you to look into why I have not
received a recalculation to this date and if no response is heard
from your office, then I am properly exhausted so that I may
proceed with my FOIA suit.
          I am eagerly awaiting your earliest possible response, I
thank you in advance for your time and consideration in this
matter.

                                        Very truly yours,

cc: File                                 William F. Kenney, Jr.

GOVERNMENT



**U.S. Department of Justice**

EOUSA/FOIA/PA

03 MAR 21 PH 3:26

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

FEB 11 2003

Mr. William F. Kenney, Jr.
Register No. 00984-049
United States Penitentiary
Post Office Box 1000
Lewisburg, PA  17837

   Re: EOUSA No. 99-985

Dear Mr. Kenney:

   This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 27, 2003.

   The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **03-1237**.  Please mention this number in any future correspondence to this Office regarding this matter.

   We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

       Sincerely,

       Priscilla Jones
       Administrative Specialist



GOVERNMENT
EXHIBIT
Y

EOUSA



**U.S. Departme.  Justice**

Executive Office for United States Attorneys
FOIA/PA Unit
*Suite 7300, Bicentennial Building*          (202) 616-6757
*600 E Street, N.W.*                    FAX (202) 616-6478
*Washington, DC 20530*

February 10, 2004

Mr. William F. Kenney, Jr.
Reg. No 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

RE: FOIA file number 99-985 & Third Parties

Dear Mr. Kenney:

This is in response to your October 9, 2002 and October 15, 2002 letters (a copy is attached for your reference) regarding the above referenced FOIA requests.

In your October 9, 2002 letter you stated you have "narrowed your request" for specific information on Mr. Richard Ferguson's plea and sentencing records. You have also requested additional information and records on Glenn Kerivan from different **districts.** In addition you have asked us to have the Central District of California searched for records on yourself and Ms. Linda/Lynda E. DeCarlo.

This is to advise you that based on valid information, we are denying your request for records on Mr. Richard Ferguson. Law enforcement sources have informed us that the Privacy Act waiver you submitted on behalf of Mr. Ferguson is not valid and therefore, your **request** for records on Mr. Ferguson is denied in full.

In addition, your request for records on Ms. Linda/Lynda DeCarlo, Gary Neal, Brian Raineri, Gaetano Cavallaro are also being denied in full. This office has tried to verify the validity of the Privacy Act waivers you submitted on behalf of these individuals and to date we have not been able to verify the validity of this information. Because of your prior submission of an invalid waiver, we are denying your request for information on these individuals as well.



GOVERNMENT
EXHIBIT
Z
PENGAD-Bayonne, N. J.

As to your request for records on all other third parties, the district has expended in excess of 100 hours in the course of searching for numerous records responsive to your requests. Althuogh no charge will be made for those search times, you have now exhausted all **free** search time available to you for your requests and, with respect to the other third party requests, we would request an advance payment prior to any search for these requests. The breakdown of search time below is an estimate as to how much it will cost you for this office to proceed with the processing of your request.

The district has estimated <u>24</u> hours to search for the publicly filed plea and sentencing information on Mr. Richard Ferguson. In addition, this office estimates 40 hours (5 days) to search and locate responsive records on the other individuals you have named in your requests. Federal Regulation 28 CFR 16.11(i) provides that our office may collect an advance payment before we continue processing your request if we estimate fees will exceed $250.00. **Search time is $28.00 per hour, after the first two hours which are free.** In your case this office and the District will have to search a total of 64 hours to locate responsive records you have named in your requests. It is calculated to cost you a total of $1,792.00 to complete the search for the requested records (64 x 28 = $1,792.00). At this time, we will request an advance payment of $250.00 as **partial** payment for the search time we estimate it will take to search and locate any additional records on the publicly filed records on Mr. Ferguson and the records that may be responsive on the other individuals you have provided Privacy Act waivers.

**Please note also that we will require payment for the accumulated charges <u>before we release any documents to you</u>.** This will be for the actual search time expended and duplication costs in excess of 100 free pages available to you). Without such payment, your request files will be closed without further action.

Please send this office your partial advanced payment of your partial payment of <u>$250.00</u> in the form of a check or money order, payable to the Treasurer of the United States. Please indicate on the face of the check the above-request number and mail it to the above address. If we do not receive your payment within 30 days, we close your files without further actions.

You may appeal my response in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosures



**U.S. Department of Justice**

Executive Office for United States Attorneys
FOIA/PA Unit
Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, DC 20530

(202) 616-6757
FAX (202) 616-6478

March 29, 2004

Mr. William F. Kenney, Jr.
Reg. No 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

RE: FOIA request on third parties

Dear Mr. Kenney:

This is to advise you that our office has closed the following requests because of your prior submission of an invalid waiver on third parties:

| | | |
|---|---|---|
| NH | 00-2366 | Richard J. Ferguson, Jr. |
| NH | 00-2367 | Brian J. Raineri, Sr. |
| NH | 00-2378 | Tanya M. Ferguson |
| NH | 00-2369 | Patricia M. Ferguson |
| NH | 00-2370 | Gary P. Neal |
| NH | 00-2371 | Gerard P. O'Keefe |
| NH | 00-2372 | Gaetano "Gussy" Cavallaro |
| NH | 00-2373 | Linda/Lynda E. DeCarlo |
| NH | 00-2374 | Stanley Yassen |
| NH | 00-2375 | Geraldine D. Yassen |
| NH | 00-2376 | Bruce T. Raineri |
| NH | 00-2377 | Ronald P. Fitzgerald |
| NH | 00-2381 | James J. Hugnagle |
| NH | 01-722 | Glenn R. Kerivan |
| MA | 01-1129 | Glenn R. Kerivan |
| ME | 01-1130 | Glenn R. Kerivan |
| MA | 02-548 | Bernard Grossberg |
| CT | 03-131 | Glenn R. Kerivan |
| CAC | 03-132 | Linda/Lynda E. DeCarlo |

The remaining requests will be kept open for an additional 30 days pending clarification from you.

| | | |
|---|---|---|
| NH | 99-985 | Self |
| CAC | 03-133 | Self (see attached response of No Records) |



GOVERNMENT
EXHIBIT
AA

NH       00-2378    Robert F. Ferguson, Jr. (deceased)
NH       00-2379    Charles G. Petralia (deceased)
NH       00-2380    Charles J. Flynn (deceased)
         02-4147    William Kenney, Sr. (father deceased)

This office will honor your request for records on yourself and the few individuals that are deceased. However, we must hear from you within the requested time frame (30 days) concerning the types of records you would like to receive on yourself and the individuals that are deceased (for example, public records, investigative records, etc.). Because we have received numerous letters from you during the past two years altering your FOIA request and/or narrowing it, the scope of your request has become ambiguous to us. Therefore, we request clarification for the type of records you request on yourself and the deceased individuals listed above.

In addition, please specify which district you want searched for records on your father.

Once processing is completed, and a final duplication charge is known, your payment in the form of a check or money order, payable to the Treasury of the United States, must be received by this office **before records are released to you**. We will charge $.10 per page for pages released to you, after the first 100 pages which are free.

If you wish to reduce your duplication costs, you may limit your request to a specific category or categories of records (for example, investigative or public records, etc). Or, you may specify that you will only pay up to a certain amount, and we will process these records up to that amount. However, without such payment, your request files on yourself and the deceased individuals will be also closed without further action.

Please respond to this letter within **30 days** of the date of this letter or we will close your requests on yourself and the deceased individuals listed above. If you have any questions about this letter or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at (202) 616-3450.

Sincerely

Marie A. O'Rourke
Assistant Director

GOVERNMENT
EXHIBIT
BB

FOIA
(A)
EOUSA

**FREEDOM OF INFORMATION ACT/PRIVACY ACT APPEAL**

OFFICE OF INFORMATION
AND PRIVACY

APR 13 2004

RECEIVED
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

William Kenney
Reg.No. 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

April 5, 2004

Re: FOIA File number 99-985 & Third Parties of EOUSA

Dear Director of OIP,

This is an appeal under the Freedom of Information Act and the Privacy Act. I respectfully appeal the improper withholding of agency records by the Executive Office for the United States Attorneys at request 99-985 and Third Parties.

In a letter dated February 10, 2004, Marie A. O'Rourke, Assistant Director for the EOUSA, claimed that the EOUSA is denying my request for information on Richard Ferguson because "based on valid information, we are denying your request for records on Richard Ferguson. Law enforcement sources have informed us that the Privacy Act waiver you submitted on behalf of Mr. Ferguson is not valid and therefore, your request for records on Mr. Ferguson is denied in full." I know that this statement is false as I have been informed through family members of Mr. Ferguson's that he absolutely signed those Certification of Identity and Privacy Waiver forms and they were sent through the United States Justice Department's own address for Mr. Ferguson at: Room 524, 320 First Street, N.W., Washington, D.C. 20534. As you know Mr. Richard Ferguson is in the Witness Protection Program and the U.S. Justice Department knows exactly where he is so there is nothing invalid about the waivers that I submitted on his behalf and nothing cited by EOUSA justifies their withholding of his records from me as he gave me explicit permission to obtain, review and copy all of his records and information on March 13, 2000. He not only signed a FORM DOJ-361 Certification of Identity form for me but also my own "Privacy Waiver of Richard "Riddy" Ferguson" form that I penned myself which explicitly names me as the person he allows to get all of his records and information. So that denial is completely improper and should be reversed.

Ms. O'Rourke continues in the fourth paragraph of her Feb. 10, 2004 letter by stating: "In addition, your request for records on Ms. Linda/Lynda DeCarlo, Gary Neal (my codefendant), Brian Raineri (Another cooperating witness), Gaetano Cavallaro are also being denied in full. This office has tried to verify the validity of the Privacy Act waivers you submitted on behalf of these individuals and to date we have not been able to verify the validity of this information. Because of your prior submission of an invalid waiver, we are denying your request for information on these individuals as well."

I submitted these Privacy Waivers of the above people and an additional 13 or 14 people on June 7, 2000 via Certified Mail, Return Receipt Requested. I know for a fact that the information

DP's
xoeess

-1-

FREEDOM OF INFORMATION ACT/PRIVACY ACT APPEAL

William Kenney
April 5, 2004
Page Two

submitted on each form was valid and correct well after the date
that I submitted them because I was in constant contact with each
person. Through the passage of time (almost 4 years since) I
have lost contact with a lot of the people and it would be
difficult to try and contact them again. It should not be
incumbent upon me to have to contact them once again to sign
more Certification of Identity and Privacy Waiver forms just
because the EOUSA took their time in trying to verify the
information submitted on the behalf of each one. I should have
been informed well before this answer when the EOUSA was asking
me if I wanted to pay the approximate fee of $1,650.00 or to
reformulate my request or even before that when they found out
that some of the waivers were determined to be invalid. I
submitted those privacy waivers in good faith through exhaustive
research and many, many letters to people that might know the
location of each person. It took several years to ascertain that
information and now 4 years after submitting them I am told that
they are determined to be invalid. I know for a fact and this
can be verified through the Federal Bureau of Investigation that    FBI?
many of these people, especially Brian Raineri, was contacted by
the F.B.I. to verify the identical type documents that I submitted
to them on my FOIA request. Each person was contacted by the FBI
and that agency verified their information in each document. The
EOUSA and the FBI are all part of the United States Department of
Justice and therefore they cannot play the ostrich defense by
claiming that their own investigation now determines that the
Privacy Waivers of the very same people visited and contacted by
the FBI are now "invalid". I thoroughly dispute the contentions
of Marie A. O'Rourke that the information cannot be verified on
each of the people that they are denying my access to their records.
      Ms. O'Rourke continues in her letter on behalf of EOUSA that
all of my free search time has been exhausted and therefore I
have to now pay for any further search time. She states that "the
district has estimated 24 hours to search for the publicly
filed plea and sentencing information on Mr. Richard Ferguson."
She further states that "this office and the District will have
to search a total of 64 hours to locate responsive records you
have named in my requests. It is calculated to cost you a total
of $1,792.00 to complete the search for the requested records
(64 X 28= $1,792.00)."
      First of all common sense dictates that it is not possible
that it would take 24 hours to search for the publicly filed
plea and sentencing information on Mr. Richard Ferguson. I requested
Mr. Ferguson's sentencing minutes and all sentencing memorandums
and motions related to his sentencing and sentence he received
in addition to all other records and information on Mr. Ferguson.
It is not even possible that it would take that long to search
for his information. The EOUSA and the U.S. Attorney's Office for    we have no
the Federal District of New Hampshire all have access to PROMIS;    access to
an acronym for Prosecutor's Information Systems, which    PROMIS.

## FREEDOM OF INFORMATION ACT/PRIVACY ACT APPEAL

William Kenney
April 5, 2004
Page Three

makes it readily available to any prosecutor or employee of the U.S. Justice Department to access any and all information in the care, custody and control of the U.S. Justice Department. It would not even be practical for the U.S. Attorney's office to suffer the burden of retrieving their records by hand without access to PROMIS. Everything is kept in their computer indices in case something needs to be obtained immediately and that makes it impossible that it would take 24 hours to access those records. Furthermore, right in the FORM DOJ-361, second paragraph it states that "Public reporting burden for this collection of information is estimated to average 0.05 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information." That's right in the form. The U.S. Department of Justice and components have adequate access to many computer programs that allow them to access massive amounts of data, especially a specific criminal case in their control and custody.

I completely dispute the contentions made my EOUSA and Marie A. O'Rourke and appeal all of their contentions to deny the information requested in full and also the amounts of money stated in order to complete the search for all of the requested information and Records. I am respectfully requesting for your office to reverse this decision and remand back for further determination.

I am eagerly awaiting your earliest possible response, I thank you in advance for all of your time and consideration in this matter.

Very truly yours,

William Kenney

cc:

-3-

ECUSA/FOIA/PA

04 APR 28 AM 9:42

William F. Kenney, Jr.
Reg.No. 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Marie A. O'Rourke
Assistant Director
Executive Office for United States
 Attorneys
FOIA/PA Unit
Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, D.C. 20530                    April 20, 2004          TMJ

                                                          See 1)

      Re: FOIA Request on Third Parties FOIA # 99-985 etc.

Dear Assistant FOIA/PA Unit Director O'Rourke,

      I am in receipt of your letter dated March 29, 2004, informing
me that you will not process numerous, and have closed numerous,
FOIA/PA requests because of my prior submission of an invalid
privacy waiver on third parties. Additionally, you informed
me that you will keep my remaining requests open for an additional
30 days pending clarification from me and those remaining requests
include me and 4 other people who are deceased. You also inform
me that because you have received numerous letters from me during
the past 2 years altering my FOIA request and/or narrowing it,
the scope of my request has become ambiguous to you and therefore
you request clarification for the type of records I request on
myself and the deceased individuals listed above. You also ask me
to please specify which district I want searched for records on
my father.
      I am now respectfully requesting all _investigative_ records and
information on myself and the deceased individuals and also please
specify the estimate for the cost of all publicly filed records
separately as well on us all. The only records that I respectfully
ask to be excluded from the investigative files are photocopies
of all caselaw and the trial transcripts of U.S. v. Charles Flynn et al.
      The Federal Districts that I am respectfully requesting to be
searched for records on my father, William F. Kenney, Sr., are the
Federal District of Massachusetts and the Federal District of New
Hampshire.
      I hope that I have been helpful in responding to your letter
and should any further problems or questions arise please write
to me immediately and I will respond as fast as possible.

                                        Very truly yours,

Garry he has appealed
                                        William Kenney

cc:



GOVERNMENT
EXHIBIT
CC



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                          *FAX (202) 616-6478*
*Washington, DC 20530*

Requester: William F. Kenney, Jr.

Request No. 99-985                                    JUN – 8 2004

Dear Mr. Kenney:

We received your letter of April 20, 2004 in which you clarify your FOIA request for yourself and several deceased individuals and ask for an estimate of fees for investigative records and publicly filed documents. We conducted a search in our office through the boxes of records that we have at EOUSA and also forwarded your request to the District of New Hampshire. The search at EOUSA required 6 hours and resulted in about 3 boxes of responsive investigative records (and about 120 pages of publicly filed records). Except for the pages of public records, these documents would have to be referred to the FBI for their processing. In addition, the District has informed us that they would have to search through the 27 boxes they have to find responsive publicly filed records. They estimate that this search would require at least 40 hours. Thus the total number of search hours would be 46 hours. The charge for search time would be $28 per hour, resulting in a fee of $1288. Please note that in addition to the charges for search time, we charge $.10 per page for pages released to you, after the first 100 pages which are free. Once processing has been completed and a final charge is known, you will be required to submit the remaining fee before documents will be released to you.

Accordingly, an advance payment of $1288.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

If you wish to reduce your fees, you may, for example, specify that you will only pay up to a certain amount, and we will process your case up to that amount. Keeping in mind that you have received your free search hours, you may direct that we terminate your search.

**Per 28 C.F.R. 16.11(i), your request is not considered received until we receive a response from you. Please respond within 20 days, or this matter will be closed.** If you wish, you may use the attached form to indicate your wishes. If you have any questions, please call Attorney Advisor Garry Stewart at 202-616-3450.

Sincerely,

*GGS*

Marie A. O'Rourke
Assistant Director

You may appeal this response by writing within 60 days to: Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, DC, 20530.



GOVERNMENT
EXHIBIT
DD

Requester: William F. Kenney, Jr.        Request: 99-985

**Choose One**

1.  Enclosed is an advance payment of $_____ for search fees.

2.  Please terminate the search for documents.  I promise to pay $_____ for duplication fees for documents found thus far.

3.  Please terminate the search.  I am hereby withdrawing my request_____ (Sign)

4.  I agree to pay no more than $_____ for search fees and no more than $_____ for duplication fees.  Please process my request accordingly.

5.  I wish to reformulate my request to include only the following documents:

_____

_____

_____

_____

_____        _____
Name                                     Date


Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 02-4147          Date of Receipt: December 19, 2002

Requester:    William F. Kenney

Subject: William F. Kenney, Sr. (requester's father)

JUN 1 4 2003

Dear Requester:

      In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.  [ ]   A search for records located in this Office has revealed No Records.

2.  [XX]  A search for records located in the United States Attorney's Office(s) for the   **District of New Hampshire**          has revealed **No Records**. (**Please see the attached explanation sheet**).

3.  [ ]   The records which you have requested from the_____ _____ cannot be located.

4.  [ ]   This office is continuing its work on the other subject/districts mentioned in your request.

5.  [XX]  This is the final action my office will take on this particular request.

      You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

                    Office of Information and Privacy
                  United States Department of Justice
                       Flag Building, Suite 570
                       Washington, D.C.  20530

      Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

      After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

                              Sincerely,

                              Marie A. O'Rourke/VBH

                              Marie A. O'Rourke
                              Assistant Director

                                    Form No. 005 - 6/01



GOVERNMENT EXHIBIT
EE

**Requester:    William F. Kenney**
**Request No.   02-4147**

**<u>Continuation Sheet</u>:**

EOUSA received your initial letter and split your request into two case files. FOIA File Number (02-4147) was created for the portion of your request which sought records on your father from the U.S. Attorney's Office for District of New Hampshire.

After an exhaustive search, the U.S. Attorney's for the District of New Hampshire was unable to locate any records related to your father. The United States Attorneys' Offices represent the United States in **<u>federal</u>** matters and would most likely have records if a person or a corporation was indicted or prosecuted in their district. However, it seems your father was never indicted nor prosecuted federally in the District of New Hampshire.

To the extent there may be records in your prosecution file, this office has spent 2 hours searching the records we have in our possession and did not find any records on your father. However, the FOIA/PA processors stopped their search after the 2 hours limit and provided an estimate of number of hours required to search and review the additional records. Please refer to the fee letter sent to you on June 8, 2004 (a copy is attached for your reference).

If you believe your father was previously charged or convicted of a crime but you are uncertain where he was prosecuted, you may want to make a FOIA request to the investigative agency that investigated your father's crime(s).



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: <u>04-1466</u>    Date of Receipt: <u>December 19, 2002</u>

Requester: <u>William F. Kenney</u>

Subject: <u>William F. Kenney, Sr. (requester's father)</u>

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ]  A search for records located in this Office has revealed No Records.

2. [XX]  A search for records located in the United States Attorney's Office(s) for the **District of Massachusetts** has revealed **No Records**. (**Please see the attached explanation sheet**).

3. [ ]  The records which you have requested from the_____ _____ cannot be located.

*JUN 1 5 2004*

4. [ ]  This office is continuing its work on the other subject/districts mentioned in your request.

5. [XX]  This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

*Marie A. O'Rourke (MBY)*

Marie A. O'Rourke
Assistant Director

Form No. 005 - 6/01

**Requester:    William F. Kenney**
**Request No.   04-1466**

<u>**Continuation Sheet**</u>:


EOUSA received your initial letter and split your request into two case files.  FOIA File Number (04-1466) was created for the portion of your request which sought records on your father from the U.S. Attorney's Office for District of Massachusetts.

After an exhaustive search, the U.S. Attorney's for the District of Massachusetts was unable to locate any records related to your father.  The United States Attorneys' Offices represent the United States in **<u>federal</u>** matters and would most likely have records if a person or a corporation was indicted or prosecuted in their district.  However, it seems your father was never indicted nor prosecuted federally in the District of Massachusetts.

If you believe your father was previously charged or convicted of a crime but you are uncertain where he was prosecuted, you may want to make a FOIA request to the investigative agency that investigated your father's crime(s).

```
          EOUSA/FOIA/          William Kenney
                              Reg.No. 00984-049
          04 JUN 29 AM 2       U.S. Penitentiary
                              P.O. Box 1000
                              Lewisburg, PA 17837
```

Marie A. O'Rourke
Assistant Director
Executive Office for United States Attorneys
Suite 7300, Bicentennial Building
600 E Street, N.W.
Washington, D.C. 20530       June 23, 2004

   Re: Request No. 99-985  FEE TMJNH

Dear Assistant Director O'Rourke,

     I am writing to you in response to your letter of June 8, 2004.
In that letter you informed me that a search at EOUSA required 6
hours of search time and resulted in about 3 boxes of responsive
investigative records (and about 120 pages of publicly filed records).
You further stated that except for the pages of public records,
these documents would have to be referred to the FBI for processing.
In addition, you stated that the District has informed you that
they would have to search through the 27 boxes they have to find
responsive publicly  filed records and that it is estimated that
that would take an additional 40 hours, for a total of 46 hours.
     At this time I respectfully decline to pursue the publicly
filed portion of records and do want to pursue the investigative
records. I ask that my request for publicly filed records only be
set aside at this time and not to be construed that I am abandoning
that request.
     I would like to further clarify what records I would like to
have excluded from the records that I am requesting. In a letter to
you dated April 20, 2004, I stated that the only records that I would
like to have excluded from my current request are photocopies of all
case law and the trial transcripts of **U.S. v. Charles Flynn, et al.**
I am very sorry to have to have to ask for further exclusions but this is a
massive undertaking and I would like to hone in on exactly what I
want without wasting mine or your time. In addition to the above
exclusions, I would also like to have excluded from my request:
1) All hearing transcripts.
     I hope that this clarifies the FOIA request and I hope to hear
from you soon.

                              Very truly yours,

                              William Kenney

cc:

GOVERNMENT
EXHIBIT
FF



**U.S. Department of Justice**

Executive Office for United States Attorneys
FOIA/PA Unit
*Suite 7300, Bicentennial Building*                    *(202) 616-6757*
*600 E Street, N.W.*                              *FAX (202) 616-6478*
*Washington, DC 20530*

August 9, 2004

Mr. William F. Kenney, Jr.
Reg. No 00984-049
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

                    RE:  FOIA File#: 99-985 (Self)
                         FOIA File#: 00-2378 (Robert F. Ferguson)
                         FOIA File#: 00-2379 (Charles Petralia)
                         FOIA File#: 00-2380 (Charles Flynn)

Dear Mr. Kenney:

     In response to your June 23, 2004 letter wherein you
requested the investigative records to be reviewed, this office
gathered all investigative records and referred them to the FBI
for review and processing.  Please note that the FBI will only
process records that pertain to you along with any records that
pertain to your father and the above-named deceased individuals.

     FBI will directly advise you of any duplication costs.

     You may appeal our decision in this matter by writing within
sixty (60) days from the date of this letter, to:

                    Office of Information and Privacy
                  United States Department of Justice
                       Flag Building, Suite 570
                       Washington, D.C.  20530

     Both the envelope and letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

     After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records are located; or in the District of Columbia.



GOVERNMENT
EXHIBIT
GG

-2-

        This is the final action this office will take concerning
your request.

                                Sincerely,

                                $\int \langle$

                                Marie A. O'Rourke
                                Assistant Director

Enclosure(s)

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                   *Washington, D.C. 20530*


Mr. William F. Kenney, Jr.
Register No. 00984-049
United States Penitentiary          Re:    Appeal No. 03-1237
Post Office Box 1000                        Request No. 99-985
Lewisburg, PA 17837                         BVE:MJS

Dear Mr. Kenney:

     You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself in connection with certain third parties. I regret the substantial delay in responding to your appeal.

     After carefully considering your appeal, I am affirming EOUSA's decision to take no further action in response to your request. EOUSA informed a member of my staff that there were serious questions concerning the authenticity of the waivers you provided as part of your request. As a result of discussions between this Office and EOUSA, I have determined that it would be inappropriate for this Office to act further in adjudicating your appeal. Without legitimate waivers, confirming or denying the existence of law enforcement records concerning these individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Unless you can show that these waivers were authentic and freely signed, no further action will be taken on your request. Until such time, I am administratively closing your appeal file in this Office.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

               Sincerely,



               Janice Galli McLeod
               Associate Director



GOVERNMENT EXHIBIT
HH