UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WILLIAM KENNEY,                     )
                                    )
       Plaintiff,                   )
                                    )
   v.                               )   Civil Action No. 07-1989 (PLF)
                                    )
UNITED STATES DEPARTMENT OF JUSTICE,)
                                    )
       Defendant.                   )
_____ )

OPINION

        Plaintiff William Kenney brought this Freedom of Information Act ("FOIA") lawsuit against defendant, the United States Department of Justice, based on his FOIA requests to two of the DOJ's component agencies, the Executive Office for United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI"). In an earlier decision, the Court granted defendant's motion for partial summary judgment and denied plaintiff's cross-motion for partial summary judgment with respect to the EOUSA's response to plaintiff's request. See Kenney v. U.S. Dep't of Justice, 603 F. Supp. 2d 184 (D.D.C. 2009). Defendant now seeks partial summary judgment with respect to the FBI's response to plaintiff's request. Plaintiff has responded with a cross-motion for summary judgment.

        After careful consideration of the parties' papers, the attached exhibits, the relevant statutes and case law, and the entire record in this case, the Court granted defendant's

motion and denied plaintiff's motion by Order of March 29, 2010. This Opinion explains the reasoning underlying that Order.[1]

I. BACKGROUND

Plaintiff currently is incarcerated in a federal prison after his conviction for participation in a series of robberies. See United States v. Neal, 36 F.3d 1190 (1st Cir. 1994) (affirming plaintiff's conviction). On June 20, 1996, plaintiff submitted identical FOIA/Privacy Act ("PA") requests (collectively, "the 1996 request") to FBI headquarters and the FBI field office in Boston for records relating to the 1992 criminal case for which he was sentenced and imprisoned. See Mot., Defendant's Statement of Material Facts Not in Genuine Dispute ("Def. Facts") ¶¶ 1-2. In response to the requests, the FBI conducted a search of the automated indices to its Central Records System for responsive records. See Def. Facts ¶¶ 3-5. The FBI processed over 4,000 pages of potentially responsive records and released approximately 1,500 partially redacted pages to plaintiff. See id. ¶ 6.

Plaintiff supplemented his request in 2000 by submitting death certificates and privacy waivers for certain individuals about whom he requested documents in order to receive records originally withheld or redacted. See Def. Facts ¶¶ 7-8. The FBI reprocessed the records and re-released them to plaintiff in two installments, on January 29, 2001 and March 20, 2001. See id. ¶¶ 9-10. Plaintiff remained unsatisfied with the number of redactions and withheld pages and administratively appealed the response to the Office of Information and Privacy ("OIP") in

---

[1] The following papers were before the Court in connection with these motions: Plaintiff's Complaint; Defendant's Motion for Summary Judgment ("Mot."); Plaintiff's Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment ("Opp."); and Defendant's Reply in Support of Its Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Rep.").

letters received by OIP on March 2, 2001 and May 22, 2001. See id. ¶ 11. OIP denied the appeal and affirmed the FBI's actions in a letter dated November 7, 2001. See id. In addition to stating the reasons for denying plaintiff's appeal, the November 7 letter stated: "If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B)." Mot., Second Declaration of David M. Hardy ("Second Hardy Decl."), Ex. J.

On April 22, 2004, plaintiff submitted a new FOIA/PA request to the FBI. See Opp., Plaintiff's Statement of Material Facts Not in Genuine Dispute ("Pl. Facts") ¶ 4. This request asked for all records relating to the FBI's attempts to contact six individuals for whom plaintiff had submitted privacy waivers in 2000 when he supplemented his 1996 request. See id. The FBI responded to the request with a letter dated May 5, 2004, informing plaintiff that it would not process the request until he submitted privacy waivers or death certificates for the six individuals whose records he was seeking. See Rep., Defendant's Response to Plaintiff's Statement of Material Facts as to Which There is No Genuine Dispute ("Def. Response") ¶ 4; Second Hardy Decl., Ex. A. Plaintiff took no action in response to this letter. See Def. Response ¶ 4.

On November 5, 2007, plaintiff filed this lawsuit challenging the FBI's conduct in relation to both the 1996 and the 2004 requests. Specifically, plaintiff challenges the adequacy of the FBI's search for documents responsive to the 1996 request, the FBI's decision to withhold certain records and redact others that were found as a result of the 1996 request, and the FBI's refusal to conduct a search for documents in response to plaintiff's 2004 request.

## II. STANDARD OF REVIEW

The Court will grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits its own affidavits or declarations or documentary evidence to the contrary. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations are "relatively detailed and non-conclusory," SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826-27 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, (1974); Hertzberg v. Veneman, 273 F. Supp. 2d 67, 74 (D.D.C. 2003). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative

4

claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d at 1200 (quoting Ground Saucer Watch, Inc. v. Central Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

III.  DISCUSSION

The government moves for summary judgment with regard to the 1996 request on the ground that plaintiff's lawsuit was not filed within the applicable statute of limitations. In addition, the government argues that the FBI's response to the 1996 request was adequate to fulfill its legal obligations under the FOIA. With regard to the 2004 request, the government moves for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies and therefore is not entitled to seek judicial review.

*A. Statute of Limitations as to the 1996 Request*

Section 2401(a) of Title 28 of the United States Code provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." See 28 U.S.C. § 2401(a). This statute of limitations applies to FOIA suits. See Spannaus v. Dep't of Justice, 824 F.2d 52, 55-56 (D.C. Cir. 1987). "Unlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Id., 824 F.2d. at 55 (citing United States v. Mottaz, 476 U.S. 834 (1986)); see also P&V Enters. v. Army Corps of Eng'rs, 516 F.3d 1021, 1026 (D.C. Cir. 2008).

A FOIA claim accrues once the requester has exhausted his or her administrative remedies, either actually or constructively; only then can the requester institute and maintain a

suit in court. Spannaus v. Dep't of Justice, 824 F.2d. at 56-57; see also Aftergood v. Central Intelligence Agency, 225 F. Supp. 2d 27, 29 (D.D.C. 2002). The FOIA provides that if an agency does not respond to a request or to an appeal within the statutory time frame (twenty business days, unless the agency requests an extension), the requester is deemed to have constructively exhausted his or her remedies. See 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."); see also Spannaus v. Dep't of Justice, 824 F.2d at 58; Aftergood v. Central Intelligence Agency, 225 F. Supp. at 29-30.

Plaintiff administratively appealed the FBI's response to his supplement to the 1996 request in letters received by OIP on March 2, 2001 and May 22, 2001. The agency was required to respond to the appeal within twenty business days of May 22, 2001, which meant that it had until June 20, 2001 to respond. See 5 U.S.C. § 552(a)(6)(A)(ii). It did not do so until November 7, 2001. Defendant argues that when OIP failed to respond by June 20, 2001, plaintiff had exhausted his administrative remedies, the claim based on the 1996 request accrued, and the statute of limitations began to run. Based on this date of accrual, the statute of limitations for this claim would have expired six years later, on June 20, 2007. Defendant further argues that because plaintiff did not file this lawsuit until November 5, 2007, the statute of limitations by then had run and the Court therefore lacks subject matter jurisdiction over the plaintiff's complaint with regard to the 1996 request.

Plaintiff argues that the statute of limitations did not expire on June 20, 2007 for three reasons: (1) he had not constructively exhausted his administrative remedies on June 20,

6

2001, because he had not at that time paid the FBI the copying fees related to his request and payment of fees is a necessary prerequisite to instituting suit, see Pl. Facts ¶ 2; (2) defendant's belated denial of his administrative appeal on November 7, 2001 either reset the statute of limitations or had the effect of retroactively tolling it; and (3) the FBI should be equitably estopped from making a statute of limitations argument because its November 7, 2001 letter denying plaintiff's appeal stated that he could "seek judicial review." Second Hardy Decl., Ex. J.

With respect to the first argument, the requirement that a requester pay fees before he may be deemed to have exhausted his administrative remedies is for the agency's protection, not the requester's. The Court is not aware of any case in which the nonpayment of fees has worked to a plaintiff's benefit by allowing him to file suit when it otherwise would have been time-barred. Payment of fees is entirely within a requester's control, and he should not be allowed to use nonpayment as a device for tolling the statute of limitations. Were the Court to adopt plaintiff's position, FOIA requesters would routinely be able to delay the running of the six-year statute of limitations indefinitely by not paying their fees. Such an interpretation would undermine the purpose of the statute of limitations, a limited waiver of sovereign immunity enacted by Congress that must be strictly construed. See Spannaus v. Dep't of Justice, 824 F.2d at 55. [2]

---

[2] As the FBI points out, plaintiff has submitted no evidence in support of his contention that the copying fees remain unpaid other than his assertions in his complaint. According to plaintiff, the March 20, 2001 letter from the FBI stated that plaintiff owed $115.10 for copying fees. See Compl. ¶ 60. Neither party has provided the Court with a complete copy of the letter. See Second Hardy Decl., Ex. G (first page of March 20, 2001 letter). The FBI is unable to confirm or deny whether plaintiff still owes the assessed copying fees. See Rep., Third Declaration of David M. Hardy ¶ 5. The issue of whether plaintiff still owes the FBI the copying fees need not be resolved, however, because as the Court has explained, even if the fees have not been paid, plaintiff cannot defeat summary judgment on this ground. Furthermore, statements in cases relating to fee waiver requests under the applicable statutes and regulations are inapposite,

7

Second, plaintiff argues that because the FBI in fact resolved his appeal, but did so belatedly on November 7, 2001, the statute of limitations did not accrue until that date, or alternatively, that the statute of limitations should be deemed to have been tolled until that date. The court of appeals' decision in <u>Spannaus</u> makes clear, however, that plaintiff's cause of action accrued — and thereby started the running of the statute of limitations — twenty business days after he filed his administrative appeal, regardless of the fact that the agency had not yet ruled on that appeal. See <u>Spannaus v. Dep't of Justice</u>, 824 F.2d at 59 (a cause of action under the FOIA first accrues when a requester's administrative remedies are constructively exhausted). In fact, the court of appeals in <u>Spannaus</u> rejected the very same argument plaintiff makes here, concluding that the statute of limitations was not tolled "from the date [the cause of action] accrues until final administrative disposition." See <u>id</u>. at 60. The court relied on the fact that Section 2401(a) "is more than an ordinary statute of limitations; it is a condition on the waiver of sovereign immunity, and we are obliged to construe such waivers strictly." <u>Id</u>. Any supposed danger that "an unwitting requester" might be duped into waiting for a response for many years "is insufficient to overcome the clear language of a statute of limitations that conditions a waiver of sovereign immunity." <u>Id</u>. at 60-61.

The court of appeals' decision in <u>Oglesby v. U.S Dep't of Army</u>, 920 F.2d 57 (D.C. Cir. 1990), does not change this conclusion. The court in <u>Oglesby</u> considered the issue of whether a FOIA requester is still required to go through the administrative process if the agency misses the statutory response deadline, but then belatedly responds before the requester files suit. The court concluded that where a requester has chosen to wait past the twenty-day period, an

---

since plaintiff has never suggested he was entitled to a waiver of the copying fees and never requested one.

administrative appeal is still mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed. Oglesby v. Dep't of Army, 920 F. 2d at 63-64 ("Once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review."). In the situation presented in Oglesby, requiring the requester to pursue the administrative process despite the agency's tardy response provides the benefit of securing a full administrative review prior to the filing of a lawsuit. No such benefit exists in this case, however, because once the plaintiff filed his administrative appeal there were no further steps he could have taken in the administrative process. Furthermore, there is no question that he could have filed suit upon the expiration of the statutory time period for OIP to respond to his appeal.

As for plaintiff's third argument — that the FBI should be equitably estopped because its November 7, 2001 letter expressly stated that he could "seek judicial review" — a party attempting to apply equitable estoppel against the government must show that "(1) there was a definite representation to the party claiming estoppel, (2) the party relied on its adversary's conduct in such a manner as to change his position for the worse, (3) the party's reliance was reasonable, and (4) the government engaged in affirmative misconduct." Keating v. Federal Energy Regulatory Commission, 569 F.3d 427, 434 (D.C. Cir. 2009). Here, the government made no "definite representation" as to any deadline by which plaintiff must have initiated this lawsuit; the pertinent part of the November 7, 2001 letter merely stated that "[plaintiff] may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B)." Second Hardy Decl., Ex. J. Even if defendant's letter could be interpreted to state that the statute of limitations began to run on the date the letter was received, reliance on such a representation would not be reasonable. Nor can

9

defendant's actions be deemed "affirmative misconduct"; defendant merely informed plaintiff of the availability of judicial review, which it is statutorily required to do whenever it denies an administrative appeal under FOIA. See 5 U.S.C. § 552(a)(6)(A)(ii). The government is not equitably estopped from asserting the statute of limitations in this case.

For the preceding reasons, the Court determines that the statute of limitations began to run on June 20, 2001 and that it expired prior to plaintiff filing this lawsuit. Consequently, the Court lacks subject matter jurisdiction over the plaintiff's complaint with regard to the 1996 request and will dismiss this claim.

*B. Exhaustion of Administrative Remedies for the 2004 Request*

Defendant argues that plaintiff failed to exhaust his administrative remedies by not responding to the FBI's letter informing him that his 2004 request would not be processed unless he submitted privacy waivers or death certificates for the individuals whose records he was seeking. "Exhaustion of administrative remedies is generally required before seeking judicial review" in a FOIA case. Wilbur v. Central Intelligence Agency, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). Exhaustion gives "the agency . . . an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Id. (quoting Oglesby v. Dep't of Army, 920 F.2d 57 at 61). Exhaustion under the FOIA is not a jurisdictional requirement; rather it is a prudential consideration. See id. Nevertheless, if a requester has not exhausted his administrative remedies prior to the filing of a civil action, his claim is subject to dismissal. See id. (citing Hidalgo v. FBI, 344 F.3d 1256 (D.C. Cir. 2003)).

The 2004 letter was not phrased as a denial of the request that would require plaintiff to lodge an administrative appeal. Rather, the letter stated the FBI's position that it would not respond to the request unless plaintiff submitted privacy waivers or death certificates. Thus, plaintiff had two options for proceeding: he could either have complied with the letter by submitting the waivers and/or certificates, or he could have responded and contested the FBI's position that submitting waivers or death certificates was required. Plaintiff did not take either of these paths, nor did he appeal the statement in the letter to the OIP; instead, he failed to respond to the letter in any fashion. Plaintiff thus failed to exhaust his administrative remedies.

While plaintiff now maintains that he should not have been required to resubmit privacy waivers for individuals who had already signed waivers for an earlier request, he has not presented this argument to the FBI through the administrative process. For the Court to consider plaintiff's argument here without allowing the FBI to address it through the administrative process "would undercut 'the purposes of exhaustion, namely, 'preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which is adequate for judicial review.'" Hidalgo v. Fed. Bureau of Investigation, 344 F.3d at 1259 (quoting Ryan v. Bentsen, 12 F.3d 245, 247 (D.C. Cir. 1993)). The Court will dismiss plaintiff's claim as to the 2004 request for failure to exhaust administrative remedies.[3]

---

[3] Plaintiff made claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), as well as under the FOIA. Plaintiff does not pursue these theories in his brief. In any event, the APA claim could not succeed because the APA provides for judicial review only where "there is no other adequate remedy in a court," but plaintiff's claim is reviewable under the FOIA itself. See 5 U.S.C. § 704; see also Kenney v. Dep't of Justice, 603 F.Supp. 2d at 190. In addition, because the Court finds that the FBI has not violated the FOIA, plaintiff has no basis for obtaining a declaratory judgment against the FBI. See Kenney v. Dep't of Justice, 603 F.Supp. 2d at 190 n. 4.

## IV. CONCLUSION

For the forgoing reasons, the Court by Order of March 29, 2010 granted defendant's motion for partial summary judgment as to all claims against the FBI and denied plaintiff's cross-motion for partial summary judgment.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 1, 2010